STATE *ex rel.* PURDY *et al. v.* PATTON, SHERIFF.

(*Jackson,* April Term, 1940.)

Opinion filed June 8, 1940.

P. L. HARDEN and J. EMMETT BALLARD, both of Jackson, for plaintiffs in error.

NAT TIPTON, Assistant Attorney-General, and WALDROP & HALL, of Jackson, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This is a *habeas corpus* case. In April, 1939, Frankland Purdy and Clarence Frye, aged 13 years and 11 years respectively, were arrested upon a warrant charging them with the crime of larceny. They were carried before the judge of the juvenile court of Madison County and adjudged guilty and sentenced to confinement for one year, each, to the "State Training and Agricultural School for. Colored Boys at Pikesville, Tennessee." The day following the entry of this judgment, Lula Frye, mother of the two boys, acting as next friend, filed a petition for *habeas corpus* before the circuit judge of the 12th Circuit against the Sheriff of Madison County who had custody of these boys, awaiting their transfer to the place of confinement, as ordered by the juvenile judge. Answer was duly made and the material allegations of the petition were denied. The cause was heard by the circuit judge upon the pleadings and a written stipulation of facts. The judgment of the court was that the petition be dismissed.

Petitioner has appealed to this court, but no assignments of error have been filed. Looking, however, to the allegations of the petition and the grounds set forth in

the motion for a new trial, it appears that the principal contention is that no such institution as the "State Training and Agricultural School for Colored Boys at Pikeville, Tennessee," exists in Tennessee. It is admitted that there is a "State Training and Agricultural School for Boys," located at Nashville, Tennessee.

Chapter 97, Public Acts 1917, is captioned as follows:

"An Act providing and authorizing the removal of a portion of the inmates or of a department of the Tennessee Reformatory for boys to the State owned land lying in Bledsoe, Cumberland, White and Van Buren counties known as the 'Herbert Domain'; for changing the name of said Institution to 'State Training and Agricultural School for Boys' and for providing ways and means for carrying out the purposes of said Act."

Section 3 of the Act provides, among other things, that the Board of Control and the Superintendent of the institution shall be authorized to operate the land known as the "Herbert Domain" and to remove thereto such inmates of the institution or such department thereof as may be deemed best suited and most desirable for the agricultural development of this property.

It is averred in the petition that the authorities of the State Training and Agricultural School for Boys moved the colored boys in their custody to the Herbert Domain.

The Tennessee Reformatory for Boys was established under the provisions of Chapter 599, Acts of 1907. The name of the institution was changed by Chapter 97, Public Acts 1917, to State Training and Agricultural School for Boys. Section 4. Under this latter Act, as above noted, such inmates of the school, or department thereof, as the governing authorities might deem proper, were authorized to be moved to the Herbert Domain. Under

Chapter 183, Public Acts 1919 (Code, section 4666), the removal of the school itself is authorized, if the commissioner of institutions judged that the best interests of the State and the inmates of the school would be best subserved thereby.

The juvenile courts have jurisdiction over dependent and delinquent children who have not reached their seventeenth birthday. Code, section 10269, *et seq.* Under Code, section 10290, a delinquent child may be committed to a reform or industrial school; but in no case may such commitment be for a period beyond the age of twenty-one years. Code, section 10292. The juvenile court of Madison County, therefore, had the jurisdiction to commit the two sons of petitioner, found guilty of larceny, to the State Training and Agricultural School for Boys.

A form of commitment to the school is set forth in section 4680 of the Code; but it is provided in this section that "no commitment shall be void for failure to comply with provisions of this chapter." We think the words "for colored boys at Pikeville" contained in the commitment in the instant case can be treated as surplusage. There is but one State Training and Agricultural School for Boys in Tennessee. No sort of uncertainty or confusion could possibly arise as to what school the sheriff should take the two delinquents. Whether the sheriff delivered them to the department of the school at Pikeville or the department at Nashville, he would be delivering them to the same school; and, thereafter, the school authorities could determine in which place they would be kept in custody.

Our conclusion is that the judgment of the trial court must be affirmed. Petitioner will pay the costs of the appeal.