SCALES *v.* STATE.

(*Nashville*, December Term, 1943.)

Opinion filed July 1, 1944.

HOWELL WASHINGTON, of Murfreesboro, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The plaintiff in error, Robert W. Scales, was tried and convicted for reckless driving and a fine of $25 was imposed. Following the overruling of the motion for a new trial and the motion in arrest of judgment, plaintiff in error has appealed to this Court and assigned two errors raising two questions:

First, the sufficiency of the evidence to support the verdict; and second, that the motion in arrest of judgment should have been sustained on the ground that the plaintiff in error should have been turned over to the juvenile court rather than indicted and tried in the circuit court.

As to the first assignment of error, it appears from the testimony of two highway patrolmen who arrested plaintiff in error that he was driving at a high rate of speed around 80 miles an hour upon the Nashville-Murfreesboro Pike and upon some by-roads of Rutherford County, and that this reckless driving consisted of dangerous speed.

It is insisted that one of the highway patrolmen struck the plaintiff in error and this fact should be looked to in considering the testimony of this patrolman. The other

patrolman testified to the same effect. It appears that one of the patrolmen struck this colored boy after the. latter had called him a liar. Two companions of the plaintiff in error testified that he was driving normally and under the wartime speed limit of 35 miles per hour.

We have examined the testimony and are unable to say that the evidence preponderates in favor of the innocence of the plaintiff in error.

As to the second assignment, the motion in arrest of judgment is based upon the provisions of section 10271 of the Code. This section provides that "the words 'delinquent child' shall also include any child the age of seventeen years who violates any law of the state . . ."

The State insists that in construing this particular section the word "under" should be inserted just before the words "the age of seventeen years."

Section 10269 indicates the scope of the title and provides that the title shall apply only to children who have not reached their seventeenth birthdays.

Section 10288, in providing for commitments of children, expressly applies only to children under the age of seventeen years.

Section 10294 provides that whenever a child under the age of seventeen years be adjudged a delinquent child under the provisions of this title, such child shall be deemed a ward of the juvenile court.

Section 10298, in providing for arraignments before juvenile courts, provides for such in cases of children under the age of seventeen years.

In *State ex rel. Purdy* v. *Patton*, 176 Tenn., 296, 140 S. W. (2d), 1087, the Court makes the general statement that the juvenile courts have jurisdiction of de-

pendent and delinquent children who have not reached their seventeenth birthdays.

Should we give section 10271 the literal construction insisted upon by the plaintiff in error it would result in the palpable absurdity that a delinquent child was one whose age was seventeen and despite the fact that the delinquency might exist at an earlier age, such child could not be adjudged delinquent until he has reached the age of seventeen. We do not think the Legislature intended any such construction.

In *Southern R. Co.* v. *Rowland*, 152 Tenn., 243, 276 S. W., 638, it was held that it was the duty of the Court in construing an act to save rather than destroy it, and to reconcile different provisions, giving them a consistent meaning rather than otherwise; that it was within the power of the Court whenever necessary to effectuate legislative intent to supply language in construing an act, inserting such words and clauses as may reasonably appear to be called for. See *Ashby* v. *State*, 124 Tenn., 684, 690, 139 S. W., 872; *Riggins* v. *Tyler*, 134 Tenn., 577, 184 S. W., 860; and *Darnell* v. *State*, 123 Tenn., 663, 134 S. W., 307. By inserting the word "under" the entire statute will be consistent, and under the authorities above cited the Court is justified in making such insertion.

It results that the assignments of error are overruled and the judgment of the lower court is affirmed.

GREEN, C. J., and CHAMBLISS, NEIL, and GAILOR, JJ., concur.