CHRISTIAN *v.* STATE.

(*Knoxville*, September Term, 1946.)

Opinion filed November 30, 1946.

JOHN R. TODD, JR., of Kingsport, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Defendant was convicted of driving an automobile while intoxicated and sentenced to a $500 fine and 60 days in jail for the offense. He has appealed and assigned errors.

The first assignment of error is upon the sufficiency of the evidence to support the conviction. We find no preponderance in favor of the Defendant, who is here after conviction under presumption of guilt. The two arresting officers testified that Defendant was under the influence of intoxicating liquor while he was driving the car and at the time of his arrest. The Defendant and his witness, Ed Bishop, who was his uncle, denied this. A question of fact was thus squarely presented to the jury, and their decision of the credibility of the several witnesses whom they saw and heard, is final under the circumstances here. The fact that the Defendant was assaulted by one of the arresting officers, is a circumstance to be considered by the jury, but does not render the testimony of such officer wholly incredible. *Scales* v. *State*, 181 Tenn. 440, 181 S. W. (2d) 621. Indeed, even though the testimony of one of the officers was deleted, there would remain unimpeached, the positive testimony of the other, and the number of witnesses testifying for or against a Defendant is not conclusive of the preponderance of the evidence, as the Trial Judge correctly charged the jury.

■ The other assignment of error is more meritorious. The jury, by their verdict, found the Defendant guilty of driving while drunk and left his punishment to the Court. The Court imposed a fine of $500 and a jail sentence of 60 days. Only a jury can impose a fine in excess of $50 (Tennessee Constitution, Art. 6, sec. 14). The fine provided for driving while intoxicated, Code sec. 10828, as amended, is a minimum of $10 and a maximum of $500. We are obliged, therefore, to correct the fine by reducing it to $50.

Defendant insists that under the authority of *Upchurch* v. *State*, 153 Tenn. 198, 281 S. W. 462, and *Scopes* v. *State*, 154 Tenn. 105, 289 S. W. 363, 53 A. L. R. 821, the case must be remanded for the purpose of having the jury fix the fine. The statutes involved in *Upchurch* v. *State*, and *Scopes* v. *State*, fixed a minimum fine of $100. In view of the Constitutional limitation, *supra*, it was impossible for a Court to impose even the minimum statutory fine without the intervention of a jury. The *Upchurch* and *Scopes Cases* were, therefore, remanded for such action.

The fine imposed in the present case will be reduced to $50. In other respects the assignments of error are overruled and the judgment is affirmed. The Defendant will pay the costs.