Humphrey *et al. v.* State.

(*Knoxville,* September Term, 1948.)

Opinion filed December 11, 1948.)

. C. Frank Davis, of Morristown, for plaintiffs in error.

J. Malcolm Shull, Assistant Attorney-General, for the State.

Mr. Justice Gailor delivered the opinion of the Court.

On an indictment in three counts, charging defendants with (1) housebreaking, (2) larceny, and (3) receiving

stolen goods, the jury brought in a general verict against the defendants of ''guilty as charged in the indictment,'' and fixed their punishment at five years in the penitentiary. Motion for a new trial having been seasonably made and overruled, defendants have perfected appeal to this Court and assigned errors.

. At about midnight on a night in the latter part of October 1947, the general merchandise store of Conrad Hodges on the highway between Rutledge and Jefferson City, in Grainger County, was burglarized and a quantity of merchandise, including certain locks and flashlights, carried away. From the bulk and quantity of the goods taken, it is to be inferred that a motor vehicle was used by the perpetrators of the crime for the asportation of the merchandise.

P. W. Purvis, a witness for the State, testified that on the night of the theft from Hodges store he, as an official of T. V. A., had been making a round of inspection in his automobile; that he noticed that the door of Hodges' store was open; that he passed a truck near the store which had apparently been parked nearby, and that the driver of the truck, on the approach of his (Purvis's) car, turned on the truck lights and fled down the highway; that he (Purvis) pursued the truck for some three miles but could not overtake it; that he returned to Hodges' store, found that it had been forcibly entered and later gave an alarm. Before leaving the scene, he made a search and found a chauffeur's cap in the highway, and from the fact that he was able to testify positively that this cap was not in the highway when he first drove up, he was able to swear that this cap had fallen from the fleeing truck.

By other testimony, it was established that the cap was the property of defendant Snelson and had his registered

chauffeur's pin or badge on it when it was found. Some days after the entry of Hodges' store, Snelson was arrested on another charge, and when he was searched he was found to be carrying a flashlight of the same make and description as those stolen from Hodges' store.

Defendant Humphrey was implicated by evidence, that when a short time after the theft from Hodges' store, he was arrested on a charge of carrying a pistol in Bradley County, he was driving an International truck and one of the locks used openly on the truck was the same size, make and description as locks stolen from Hodges' store. On objection, evidence that a considerable quantity of other merchandise that had been stolen from Hodges, had been found in the truck by arresting officers, was excluded from the jury's consideration. Though Purvis could not positively identify the truck used by the criminals, his description of the truck, so far as he could make it, did fit the truck driven by Humphrey at the time of his arrest.

Neither defendant took the stand nor offered any evidence in his defense.

The defendants reduced their assignments of error to four propositions to support their appeals.

■ ■ By the first proposition, it is insisted that the failure of the Court to restrict the first count of the indictment to that of housebreaking and larceny, rather than burglary, and mention of "burglary" in the charge to the jury, confused the jury and prejudiced the defendants, and that this prejudice is evidenced by the verdict fixing punishment of the defendants at "five years flat in the penitentiary." We do not agree. We think the punishment fixed by the jury fails to show confusion. The punishment of five years in the penitentiary

was authorized under any one of the three counts of the indictment (Code, secs. 10910, 10925 and 10928). A study of the Judge's charge as a whole, convinces us that his use of the word "burglary," where he should have used the word "housebreaking," was immaterial and not prejudicial to the rights of the defendants. Under our statutes, the word "burglary" is treated as a generic term covering several cognate offenses. *Cronan* v. *State*, 113 Tenn. 539, at page 543, 82 S. W. 477; *Chapple* v. *State*, 124 Tenn. 105, at page 113, 135 S. W. 321.

The effect of the defendants' second and third propositions is that the circumstantial evidence against Snelson and Humphrey was insufficient to support their conviction. While we are fully aware of the extent of defendants' constitutional right not to take the stand and testify, it is, nevertheless, true in the present case, that since no other evidence was introduced by either defendant, by their failure to testify, they leave the State's case against them uncontradicted and unimpeached. Not merely the preponderant but the only evidence is that the defendants are guilty.

"While holding (*Wilcox* v. *State*, 3 Heisk., [110], 118, [50 Tenn. 110, 118]) that the recent possession of stolen property cannot correctly be said to afford plenary proof of the guilt of the prisoner, although unexplained, yet he says: 'It creates a strong presumption of guilt.' And the absence of explanation, if in the power of the party, must necessarily make evidence of guilty possession stronger. In fact, the recent possession of stolen articles under these circumstances, would not merely be a strong circumstance, *but raise a presumption of guilt, upon which the jury should convict.*" *Poe* v. *State*, 78 Tenn. 673, 679. (Italics ours.)

382

■ ■ Complaint is made of the unlawful search of Humphrey's truck at the time of his arrest in Bradley County, but the record shows that the Trial Judge very carefully excluded all evidence obtained by the search from the jury's consideration. Humphrey's possession and use of one of the stolen locks on his truck was open and obvious and no search was necessary to discover it.

■ Both the second and third propositions of the defendants must be determined against them, because after their conviction defendants are here under a presumption of guilt, and the weight to be given the testimony of the witnesses for the prosecution, who were not impeached nor contradicted, was exclusively for the jury. *Ferguson* v. *State*, 138 Tenn. 106, 196 S. W. 140; *Christian* v. *State*, 184 Tenn. 163, 197 S. W. (2d) 797; *Haynes* v. *Wright*, 5 Tenn. 63; *Nailing* v. *Nailing*, 34 Tenn. 352.

By their fourth and final proposition, defendants assail a portion of the Judge's charge as follows:

"The fact that the Defendants did not take the witness-stand to testify in their own behalf cannot be considered by you for any purpose. They had a right to testify, or not to testify, as they desired."

■ It is not insisted that this statement of law was incorrect or erroneous, but it is insisted merely that it was too meager. While we do not concede that this portion of the charge was not sufficiently full, even if it was not, such meagerness could not avail the defendants as ground for reversal, since no special request was tendered to call attention of the Trial Judge to the defect. *Phelan* v. *State*, 114 Tenn. 483, 507, 88 S. W. 104; *Powers* v. *State*, 117 Tenn. 363, 371, 97 S. W. 815.

■ All assignments of error are overruled, but the judgment will be modified to fix punishment for each de-

fendant at not less than three nor more than five years in the penitentiary. Code, sec. 10928; *Pope* v. *State*, 149 Tenn. 176, 180, 258 S. W. 775. So modified, the judgments are affirmed.

All concur.