COLBAUGH *v.* STATE.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

Rehearing denied January 17, 1949.

GUINN & MITCHELL, of Johnson City, and SHERMAN GRINDSTAFF, of Elizabethton, for plaintiff in error.

NAT TIPTON, Assistant Attorney General for the State.

Mr. Justice Gailor delivered the opinion of the Court.

Defendant appeals from conviction of murder in the second degree and punishment of ten years and one day in the penitentiary.

The record presents defendant's trial on three indictments charging him with: (1) Carrying a pistol, (2) assault with intent to kill, and (3) murder. The jury found him guilty on all three charges. He has not appealed the judgment in the pistol case and has been granted a new trial in the case charging him with felonious assault, so our review on this appeal is limited to the conviction of murder.

The killing, which defendant admits, occurred on the night of the 31st of May, 1947, on the grounds of a carnival which was being held at Johnson City. The victim, one Robert Barr, was a trouper with the carnival, and operating a game of chance on the Midway. The defendant had played the game, and after losing about $30, had a fight with Barr which ended when defendant drew a 38 caliber derringer and shot Barr twice. The first shot was fired in the heat of combat while the men were scuffling. This shot took effect in Barr's left breast, and probably would not have been fatal. According to seven State's witnesses, after an interval of time, while Barr was lying on the ground, after defendant's woman companion had tried to lead defendant away from the scene, defendant deliberately walked over to Barr, and from a distance of two or three feet, shot him between the eyes, and from this wound Barr died.

The State's evidence as to the second shot, as to the surrounding circumstances, as to the fact that the face of deceased was powder burned (which indicated clearly that the second shot was fired at close range and that

defendant was at least mistaken, in testifying that he fired it from a distance of 7-10 feet), and the evidence as to the defendant's deliberate action and lack of provocation at the time of the second shot, fully warranted the jury in discrediting the defendant and his witnesses, and convicting the defendant of murder in the second degree.

In addition to the foregoing evidence that defendant shot the second time deliberately and without provocation, there was evidence by the law officers that with pointed gun, defendant had defied them to arrest him, and after he was disarmed of the pistol, he drew a dirk and stabbed two of the officers. This conduct of the defendant was clearly inconsistent with defendant's theory of self-defense, and tended to support the State's theory of malicious killing. To supply the element of malice, it was indisputably shown that defendant was armed, not with one deadly weapon (*Forsha* v. *State,* 183 Tenn. 604, 194 S. W. (2d) 463; *Nelson* v. *State,* 32 Tenn. 237, 253), but with two, and used them both.

■■ After his conviction defendant is here under a presumption of guilt. There was much evidence to justify the verdict of the jury that defendant was guilty of murder in the second degree. Since we find no preponderance in favor of defendant's innocence, conflicts in the evidence and questions of the credibility of witnesses were resolved by the verdict of the jury against the defendant's insistence. *Christian* v. *State,* 184 Tenn. 163, 197 S. W. (2d) 797; *Ferguson* v. *State,* 138 Tenn. 106, 196 S. W. 140. The assignments of error which question the sufficiency of the evidence to support the conviction are overruled.

■ Error is assigned on the action of the trial judge in allowing the State to recall certain witnesses and prove that there were powder burns on Barr's face after death.

It is insisted that this evidence was part of the State's case in chief and was improperly received in rebuttal. We think the admission of this evidence when it was admitted, was within the sound discretion of the trial judge. *Hughes* v. *State,* 12 Tenn. 40, 74, 148 S. W. 543, Ann. Cas. 1913D, 1262.

It is next insisted that the evidence of powder burns and of the fact that they would not result from a shot fired more than five feet from their target, was improperly admitted because the witnesses testifying to these facts were lay witnesses and not experts. The witnesses so testifying were the Sheriff, one of his deputies and an ex-soldier, all of whom testified that they were familiar with fire arms and their use and effect, and that a pistol such as that of the defendant would not make powder burns on a target if fired from a distance of more than five feet. We observe that none of these witnesses was asked or testified at what distance the shots were fired which made the marks of powder on Barr's face. It is a matter of common and general knowledge that only when a pistol is fired at close range will the discharge make powder burns on the target. It has been held that a lay witness may give an opinion of the distance from the target at which a particular fire-arm will make powder burns. *Miller* v. *State,* 107 Ala. 40, 19 So. 37. The weight of such testimony is for the jury. However, in the present case the witnesses undertook to qualify by stating their experience and knowledge of fire-arms and so give their testimony as experts. Whether their qualification was sufficient was a matter within the sound discretion of the trial judge.

''Moreover, the qualification of a witness as an expert is a matter largely within the determination of the trial court—a matter of discretion. This court will not re-

verse the ruling of the trial judge on such a matter, unless we can see he was clearly in error, unless there was an abuse of discretion. *Powers* v. *McKenzie*, 90 Tenn. 167, 16 S. W. 559; *Bruce* v. *Beall*, 99 Tenn. 303, 41 S. W. 445; *Roper* v. *Memphis St. R. Co.*, 136 Tenn. 23, 188 S. W. 588." *McElroy* v. *State*, 146 Tenn. 442, 450, 242 S. W. 883, 885.

■ The questioned testimony about powder burns had no effect other than to discredit the testimony of the defendant that he fired at Barr the second time from a distance of seven to ten feet, and as the questions were framed and the testimony limited, we find no abuse of the Trial Judge's discretion.

The sixth assignment of error is somewhat confused and requires analysis. By it defendant insists (1) that the trial judge erred in excluding the testimony of defendant's witness Cole, that he had lost money gambling with the deceased, and that when he reported the fact to the officers they laughed at him, and (2) that this proposed testimony tended to impeach the credibility of the officers as to their dealings with the deceased and the defendant. Neither the deceased nor the defendant was present at the time Cole alleged that he talked to the officers and reported his gambling losses. Finally, (3) it is insisted by the sixth assignment that the officers were unworthy of belief because they had beaten the defendant when they were arresting him.

■■ We will consider the first and second propositions in the sixth assignment and then consider the third. We think the excluded testimony had no probative value even for the impeachment of the officers. Separate transactions and conversations between Cole and the officers (if they were the same officers who testified for the State) were remote and irrelevant to the qustions presented by

the trial of the defendant for the killing of Barr. Further, if the proposed evidence of Cole was tendered to prove that the officers knew that there was gambling at the carnival and that the officers had connived at this gambling, the evidence was inadmissible as being cumulative of admissions made by the officers themselves. The admissions of the officers were much stronger evidence than Cole's proposed testimony on the same matters.

We cannot find that the exclusion of the evidence was prejudicial to defendant's rights. As to the third element of the sixth assignment and the complaint that the officers should be disbelieved and discredited because of their mistreatment of the defendant in making the arrest, we think the great preponderance of the evidence is that any beating that the defendant received at the hands of the arresting officers was brought on by defendant's own conduct. By his own admission, he resisted arrest by Officer Mullenix by threatening the officer with the derringer which was apparently loaded, and after the officers had taken away the derringer, defendant drew his dirk and stabbed Officer White, while still violently resisting arrest. Under these admitted facts, we think the arresting officers deserve commendation for their forbearance and courage in disarming defendant, rather than shooting him down.

The jury, whose exclusive duty it was to determine the credibility of the witnesses (*Christian* v. *State*, 184 Tenn. 163, 164, 197 S. W. (2d) 797; *Scales* v. *State*, 181 Tenn. 440, 181 S. W. (2d) 621), was justified in finding that the conduct of the officers in their arrest of defendant, fortified rather than impeached the force of their testimony.

To support this part of the sixth assignment, defendant cites *Churn* v. *State*, 184 Tenn. 646, 202 S. W. (2d) 345.

The circumstances and purpose of the officers' mistreatment of the defendant in the *Churn Case* distinguish it from the present case, and negative its authority here. But in so far as the *Churn Case* has been interpreted to change the general rule as it is announced in the recent cases of *Scales* v. *State,* 181 Tenn. 440, 181 S. W. (2d) 621, and *Christian* v. *State,* 184 Tenn. 163, 197 S. W. (2d) 797, the *Churn Case* is overruled and disapproved. We limit the general application of the *Churn Case* to the following statement made in the course of the opinion:

"The testimony of officers of the law who so far disregard their obligations, *while admissible,* will not be given favorable consideration in the determination of the case." 184 Tenn. at page 652, 202 S. W. (2d) at page 347. (Italics ours.)

The facts and circumstances of the mistreatment of the accused by the officers are admissible in evidence and thereafter, the weight to be given the testimony of such officers, in the light of all the circumstances, remains a matter for the jury to determine under appropriate instruction by the trial judge.

The remaining assignments assail the charge of the trial judge to the jury. By two of these assignments, it is complained that the trial judge added matter to certain special requests which otherwise were granted. Our study of these special requests shows that as they were tendered, they did not contain correct statements of the law and that in order to make correct statements of law to the jury, which was his duty, the trial judge corrected the special requests and so charged the jury. Obviously, this action of the trial judge was not erroneous and not prejudicial to the defendant.

A further assignment complains that the trial judge omitted to instruct the jury that the fact that the

defendant was unlawfully carrying a pistol did not militate against his right to use the pistol in self-defense. This criticism of the charge was not presented to the trial judge in the form of a special request and is, therefore, not before us for review. *Gentry* v. *State,* 184 Tenn. 299, 198 S. W. (2d) 643; *Powers* v. *State,* 117 Tenn. 363, 97 S. .W. .815; *Phelan* v. *State,* 114 Tenn. 483, 88 S. W. 1040.

 The final assignment that the severity of the punishment imposed shows passion, prejudice and caprice on the part of the jury, is without merit. Conviction of. the defendant for murder in the second degree was supported by the great weight of the evidence, and the fact that the jury fixed punishment at the minimum of ten years, rather than the maximum of 20 years, Code sec. 10773, shows not that the jury was actuated by passion and prejudice, but on the contrary, that they weighed the evidence and gave the defendant credit for all mitigating circumstances.

All assignments of error are overruled and the judgment is affirmed.

All concur.

## On Petition to Rehear

Petition to rehear has been filed in which our former opinion is assailed on two grounds: (1) That we erred in holding that defendant's firing of the second shot was premeditated, deliberate and malicious, and (2) in not holding that the charge of the trial judge to the jury was erroneous in certain particulars.

 The entire petition is a reiteration of argument made on assignments of error before us on the original appeal. No new argument and no new authority is pre-

sented. The petition is clearly insufficient under Rule 32, 185 Tenn. 879.

There is a lengthy re-argument of the preponderance of the evidence in regard to the defendant's firing of the second shot. To support this re-argument analysis is made of the position of the various witnesses, their relative opportunity of seeing what occurred, their bias and prejudice, etc. Not only does petitioner fail to comply with our Rule 32, *supra,* but his presentation evidences a misconception of the function of this Court on appeal.

"In this court, the burden is upon the plaintiff in error to show his innocence by a preponderance of the evidence. By the verdict of the jury, approved by the trial judge, the presumption of his innocence has been removed and converted into an adjudication of his guilt. Therefore the inquiry here is not whether he is guilty, and the investigation of the record is not made with that in view. But the question is, Is he innocent? and the record is investigated upon an assumption of his guilt. Immaterial conflicts in the testimony of witnesses are not considered. Discrepancies in dates and distances, which are not controlling in their materiality, are disregarded. In many cases, the mere weight to be given to the testimony of witnesses, arising out of their number and general reputation, is disregarded, because these questions are all deemed to have been settled by the jury and trial judge, who saw them upon the stand." *Mahon* v. *State,* 127 Tenn. 535, 549, 156 S. W. 458, 461.

The great weight of the evidence supports the State's contention that while the deceased was lying on the ground, after the defendant's woman companion had tried to lead defendant from the scene, when all danger of an assault from the deceased had passed, defendant deliberately walked over to the deceased and from a dis-

tance of two or three feet, shot him between the eyes, and from this wound he died.

Complaint is made of the statement in our former opinion that two officers were cut by the defendant with his dirk after he had killed Barr. It is insisted that he cut only one officer. Our statement is fully supported by the testimony of Officer Greer at page 113 of the transcript, where he said that the defendant, after slashing at him (Greer) several times with his knife, cut him in the hand, and the same officer testified that the defendant had previously stabbed Officer White several times in the back. The stabbing of Officer White was supported by the testimony of several other witnesses.

The remainder of the petition to rehear concerns itself with reiteration of argument that the trial judge (1) improperly charged a special request tendered by the defendant, himself, and (2) failed to charge with sufficient fullness, the right of the defendant to defend himself with arms which he was carrying unlawfully. No new argument nor authority is offered to support these points, which were among the principal assignments of error on the appeal. They were fully covered and disposed of in our former opinion, and we reaffirm our holding.

Petition denied.

All concur.