PAUL SANDERS, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

404 S.W.2d 506.

(*Knoxville,* September Term, 1965.)

Opinion filed June 3, 1966.

CARTER SCHOOLFIELD and JOHN B. TAYLOR, Chattanooga, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, Nashville, for the State. EDWARD E. DAVIS, District Attorney General, Chattanooga, prosecuted case for State in the trial court.

Mr. Justice Creson delivered the opinion of the Court.

This appeal comes from the Criminal Court of Hamilton County, Tennessee. The parties will be referred to as they appeared in the trial court; that is, plaintiff in error Paul Sanders as defendant, and defendant in error as the State.

On May 26, 1965, the defendant was indicted for unlawfully and feloniously having in his possession explosives without having met the mandate of the Tennessee law relating to the possession of explosives and without having complied with the regulations of the State Fire Marshal; and the defendant not having been a common carrier or an employee of a common carrier certified by the Tennessee Public Service Commission or the Interstate Commerce Commission.

The defendant made a motion to quash the indictment which was overruled, after hearing, on October 13, 1965. The case was tried on October 13, 1965, and the defendant was found guilty as charged in the indictment. He was sentenced to not more than nor less than two years in the State Penitentiary. Defendant seasonably filed a motion for a new trial on October 22, 1965. On November 8, 1965, the trial court overruled the motion for a new trial. The defendant has timely perfected his appeal to this Court. Defendant assigns as error the following:

"Assignment of Error No. 1, The Court erred in not sustaining the Motion to Quash the indictment upon the grounds that Chapter 85, Section 2, of the *Public Acts of 1957* are unconstitutional being vague and indefinite so as not to admit any reasonable interpretation."

"Assignment of Error No. 2. The Court erred in not sustaining the Motion to Quash the Indictment because of its failure to aver that the appellant had explosives for the purpose of committing some illegal act."

"Assignment of Error No. 3. That the Court erred in refusing Request for Charge made by the appellant as follows:

'I further charge you that you must find beyond a reasonable doubt that the defendant, in order to be guilty of the offense charged in the indictment, must have possessed explosives for the purpose of committing an illegal act. However, it is not necessary for the State to prove what property or life might have been in danger thereby.' "

On the night of July 29, 1963, the defendant was arrested by two officers of the City of Chattanooga Police Department. At the time of his arrest, the defendant was in an intoxicated condition, and was immediately arrested and charged with the offense of driving while intoxicated. The police officers searched the vehicle defendant was driving and discovered several sticks of dynamite on the floorboard in the front of the automobile and a dynamite fuse cap over the sun visor in the automobile. The foregoing is undisputed on the record.

Defendant's first assignment of error asserts that Chapter 85, Section 2 of the Public Acts of 1957 is uncon-

stitutional, being so vague and indefinite as not to per-mit any reasonably certain interpretation. The section of the Public Act previously referred to is incorporated in T.C.A. sec. 39-1406. It is necessary that the entire Act be read together; that is, T.C.A. sec. 39-1405 through T.C.A. sec. 39-1410, which is, in part, as follows:

"39-1405. Unauthorized possession, use or transporta-tion—Definition of explosive.—The term explosive or explosives wherever used in secs. 39-1405—39-1412 shall be held to mean and include dynamite or its derivatives and shall include any chemical compound or chemical mixture that contains any oxidizing and combustible units, or other ingredient in such propor-tions that ignition by fire, friction, concussion, percus-sion, or detonation, may cause a sudden generation of gaseous pressures capable of producing conditions de-structive to life or property; except it shall not mean to include the possession, transportation or use of small arms ammunitions and/or fireworks, gasoline or motor fuels."

"39-1406. Unauthorized possession or transportation of explosives—Felony.—Except as authorized by law or regulations of the state fire marshal, any person or persons who may be found to be in possession of or to have transported any explosive or explosives, or to have in possession or transported any component part of an explosive or explosives such as fuses, caps, detonators, wiring, or other means of creating an explosion or explosions of an illegal act capable of producing conditions destructive to life or property shall be deemed guilty of a felony. (Acts 1957, ch. 85, sec. 2.)"

"39-1409. Possession without compliance with regulations of state fire marshal deemed prima facie possession or transportation for illegal use.—Any person or persons found to have in their possession or to be transporting explosive or explosives as defined in sec. 39-1405 and who have not complied with the regulations of the state fire marshal in the keeping, storing, use, manufacture, sale, handling, transportation or other disposition of explosive or explosives shall be deemed to have the same in their possession, transportation, direction or control prima facie for the purpose of committing an illegal act, and it shall not be required of the state to prove what property or life might have been endangered thereby. (Acts 1957, ch. 85, sec. 5.)"

 Chapter 85 of the Public Acts of 1957 is a single scheme of legislation designed to minimize the potentiality of explosives for destruction of life or property. Being such, under rules too long established to require citation of authority, the Act should be read as a whole, in deriving legislative intent. When this is done, and effect given to all the legislative language, we would have no hesitation in holding that such legislation is sufficiently definite, intelligible and informative to meet constitutional requirements.

The above, however, does not resolve the really critical problem in this case. That is presented by assignments of error numbers 2 and 3. We have previously quoted these assignments.

Counsel for the respective parties argue different questions. On page 3 of the State's Reply Brief, it is said:

"The real question to be considered is whether or not the Legislature can make the possession or transporta-

tion of an explosive illegal unless handled in a manner required by law an offense without regard to what the person charged with its possession or transportation intended to do with it.''

On the other hand, the defendant argues that intent to commit an illegal act in addition to possession or transportation of explosives without lawful authority constitute the substance of the crime under the Code section hereinbefore quoted—that is to say, that intent to commit a second offense is an element of the crime for which the defendant was indicted and now stands convicted.

██ Where the pivotal question before this Court that presented by the State; that is, whether or not the Legislature could make the possession or transportation of an explosive illegal if not handled in a manner required by law, without regard to what the person charged with its possession or transportation intended to do with it, we would unquestionably hold that the Legislature could so provide. However, this is not the question presented by this case; but, rather, the question is, has the Legislature so provided. This calls for an examination of the statutes in question. T.C.A. sec. 39-1406 (previously quoted), read out of context, is somewhat confusing and indefinite; but, when read in conjunction with Section 39-1409, as it must be for Section 39-1409 to have any meaning, it becomes apparent that the phrase ''of an illegal act'', found in T.C.A. sec. 39-1406, should be read ''for an illegal act''. Since it seems apparent that the previously mentioned phrase must be read ''for an illegal act'' to reflect the intent of the Legislature, this Court will so read that phrase; as it may, under the decisions of this Court, in the following cases: *State ex rel. Thomason v. Temple* (1919) 142 Tenn. 466, 220 S.W. 1084, *Coal Creek*

*Mining & Mfg. Co. v. Tennessee Coal, Iron & R. Co.*
(1901) 106 Tenn. 651, 62 S.W. 162, *Hudgins v. Nashville
Bridge Co.* (1938) 172 Tenn. 580, 113 S.W.2d 738, *Scales
v. State* (1944) 181 Tenn. 440, 181 S.W.2d 621, and *Gallagher v. Butler* (1964) 214 Tenn. 129, 378 S.W.2d 161.

When these two Sections (T.C.A. sec. 39-1406 and sec.
39-1409) are read together, a serious question is posed,
that, not only is possession of explosives in violation of
the Fire Marshal's regulations an essential element of
the crime, but also essential is an intent that the explosives are to be used for the purpose of committing an
illegal act. The indictment under which the defendant in
this case was tried reads, in pertinent part, as follows:

"The Grand Jurors for the State aforesaid, being duly
summoned, elected, impaneled, sworn and charged to
inquire for the body of the County aforesaid, upon
their oaths aforesaid, present:

That Paul Sanders heretofore on the 29th day of July,
1963, in the County aforesaid, did unlawfully and feloniously have in his possession explosives, to-wit:
Dynamite, without having been authorized by law to
possess explosives and without having complied with
the regulations of the State Fire Marshal, and he not
being a common carrier or an employee of a common
carrier certified by the Tennessee Public Service Commission or the Interstate Commerce Commission, as
required by law, against the peace and dignity of the
State."

It is manifest that this indictment does not explicitly contain any charge of intent to use the explosives
for an unlawful purpose. Such charge is only implicit.
In view of our action on the next and last assignment of

error, it is unnecessary to further consider this question. Since the trial court's general charge made no pointed reference with respect to submitting the question to the jury that possession of explosives was for the purpose of committing an illegal act, counsel for defendant submitted a special instruction, as follows:

"I further charge you that you must find beyond a reasonable doubt that the defendant, in order to be guilty of the offense charged in the indictment, must have possessed explosives for the purpose of committing an illegal act. However, it is not necessary for the State to prove what property or life might have been in danger thereby."

No sinister or unlawful conduct other than simple possession of the explosives is charged by the State. In the situation disclosed by this record, at the time of submission of the case to the jury, it was essential to a fair and impartial trial that this requested instruction should have been given.

The result is that defendant's third assignment of error is sustained.

The judgment below is reversed and the case remanded to the Criminal Court of Hamilton County, Tennessee, for such further proceedings as may be proper, not inconsistent with this opinion.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.