## JACK RONALD HAAS, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

### 455 S.W.2d 634.

Court of Criminal Appeals of Tennessee. March 30, 1970.

Certiorari Denied by Supreme Court June 15, 1970.

R. Price Nimmo, Nashville, for plaintiff in error.

David M. Pack, Atty. Gen., Lance D. Evans, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Richard D. Speight, Asst. Dist. Atty. Gen., Nashville, for defendant in error.

## OPINION

MITCHELL, Judge.

Jack Ronald Haas, who will be referred to as the defendant or by name, was convicted on May 12, 1969, in the Criminal Court of Davidson County, Tennessee, of robbery accomplished by the use of a deadly weapon, and his punishment fixed by the jury at twenty years in the State Penitentiary, upon which the presiding judge, Honorable John L. Draper, pronounced judgment.

After the motion for a new trial was overruled an appeal was perfected to this Court.

The facts, evidently accepted by the jury, were as follows:

On December 28, 1968, about 10:00 P.M. Harry Neblett, a clerk, and Rufus J. Hahn, a guard, were at their usual place of employment in Temp's Liquor Store at 413 Jefferson Street, Nashville, Tennessee. The defendant Ronald J. Haas, in the company of another man, came into the store with their pistols drawn and announced, "This is a hold up." The defendant's accomplice ordered clerk Neblett to the back room. The defendant Haas, with his pistol drawn on guard Hahn, ordered

him to get into the back room. As Hahn started toward the back room, his right hand was in his jacket pocket where he had Neblett's Browning automatic pistol. The defendant ordered Hahn to take his hand out of his pocket. Neblett, the clerk, had backed into the door way of the back room which was one step from the cash register.

The other robber came around behind the counter, directly behind the cash register, and ordered Neblett to open the cash register which contained about $150.00. Neblett complied with the order. While Neblett and the other robber were near the cash register, the defendant Haas had approached within reach of the guard Hahn, who seized the gun hand of the defendant, a struggle ensued, Haas's pistol was fired into the floor, guard Hahn fired the pistol he had twice during the struggle, in which the defendant Haas wrested the pistol from Hahn.

When the firing of the pistols started, the other robber who had been engaged with Neblett at the cash register, fled before he could get the money. When Haas wrung the pistol from Hahn he also fled taking the pistol with him.

Rufus J. Hahn and Harry Neblett both were positive in their identification of Jack Ronald Haas as one of the men who robbed them.

The Sheriff of Allen County, Kentucky, arrested the defendant Haas January 3, 1969, near Scottsville. He admitted he had a .32 caliber Browning automatic pistol which was found at the point where his car collided with the Sheriff's car.

No testimony was offered by the defendant. The de-

fendant has made only one assignment of error, that there is no evidence to support the verdict, that at the most, only simple robbery was proven and that there is not sufficient evidence to support the finding of robbery accomplished by the use of a deadly weapon.

■ With this we cannot agree. Here the defendant and another man, both armed with deadly pistols, drawn and presented walked into the liquor store in question about 10:00 P.M. and announced, "This is a hold up." Then, at the point of their pistols, they ordered the two employees into the back room, as the clerk was near the cash register, one of the robbers ordered him to open the cash register. But for the alert and courageous conduct of the guard, Rufus J. Hahn, who seized the gun hand of the defendant, they might have succeeded in taking the money from the cash register. They did succeed in forcing the guard to give up his pistol which they did steal and carry away. We cannot escape the conclusion that this robbery was accomplished by the use of deadly weapons. We agree with the Attorney-General's brief that the fact the only item stolen, though not originally contemplated, was nevertheless stolen in a robbery in which blazing deadly weapons were much in evidence. Burgin v. State, 217 Tenn. 682, 400 S.W.2d 539.

■ In reviewing the evidence under this assignment of error we are governed by the rule that the verdict of the jury, when approved by the trial judge, accredits the testimony for the State and resolves all conflicts in favor of the theory of the State. Such a verdict has displaced the presumption of innocence and has created a presumption of guilt. Here the accused has the burden

of showing that the evidence preponderates against the verdict and in favor of his innocence. White v. State (1962), 210 Tenn. 78, 84, 356 S.W.2d 411; Anderson v. State (1960), 207 Tenn. 486, 495, 341 S.W.2d 385; Cooper v. State (1909), 123 Tenn. 37, 57, 59, 138 S.W. 826. Bacon v. State, 215 Tenn. 268, 385 S.W.2d 107.

■ ■ This court will not reverse a conviction upon the facts unless the evidence clearly preponderates against the verdict of the jury and in favor of the innocence of the defendant. We may review the evidence only to determine whether it preponderates against the verdict and in favor of the innocence of the defendant. Gulley v. State, 219 Tenn. 114, 407 S.W.2d 186; McBee v. State, 213 Tenn. 15, 372 S.W.2d 173.

The assignment of error is overruled and the judgment affirmed.

We are grateful to court appointed counsel for the useful service rendered the defendant in this case.

RUSSELL and HYDER, JJ., concur.