Jerry BEASLEY and Jeffery Allison, Plaintiffs-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

March 17, 1976.

Certiorari Denied as to Beasley by Supreme Court July 6, 1976.

Alec Garland, Manchester, for Beasley.

Donald J. Ray, Tullahoma, for Allison.

R. A. Ashley, Jr., Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, Charles S. Ramsey, Jr., Dist. Atty. Gen., Manchester, for defendant in error.

## OPINION

DWYER, Judge.

At a joint trial Jeffery Allison was convicted for committing the offense of armed robbery with resulting punishment of confinement for ten years. Jerry Beasley was convicted for committing the offense of robbery with punishment at confinement for not less than five nor more than eight years.

They both have filed assignments of error contending among others that the evidence was insufficient to support the verdicts.

That evidence from our review reflects that Mrs. Betty Lawson, owner of the Lawson's Bait Shop in Tullahoma was beaten and robbed of $200 taken from the cash register of her business on the early afternoon of December 11, 1974. At the trial she testified that Allison, along with two others, identified as Roger Berry Jennings and Eddie Lee Brown, entered her store on the above date around 1:30 p. m. That Jennings asked to purchase a fishing license and when she turned to ring up on the register the amount he gave her for the license, Jennings struck and knocked her to the floor. At this time Brown found and took a pistol from a drawer behind the counter and pointed it toward her, and stated he would shoot her if she raised her

head. Jennings kicked her as she lay on the floor resulting in several broken ribs. After Jennings had removed the money out of the cash register, the three fled the store. The victim was hospitalized for several days as a result of the assault. While she was convalescing, she failed to identify photographs of the three; however, she had known Brown before the robbery. She later identified them in a lineup and at trial. The arrest of the three who entered the store and two other codefendants, Jerry Beasley and Ben Foster, followed in short order after the event.

The codefendant Brown was granted a severance and testified in rebuttal for the state. The codefendant Roger Berry Jennings on his motion was granted a mistrial and his case was severed from the record during the trial. Another codefendant, Ben Foster, was found to be not guilty when the jury returned its verdict.

The evidence as to Jerry Beasley may be thusly summed up. A red Mustang automobile had been seen in the alley in back of Lawson's Bait Shop on the date and at the time in question. Three male blacks were observed by a passerby running from the bait shop and jumping into the car, which was owned by Beasley's father. This Mustang had been observed by the investigating officer on previous dates with Beasley driving it, and the officer testified he had never observed anyone but Beasley driving it. Another witness testified that he saw a black man in the car when it was parked in the alley at the time of the robbery. And still another testified that he observed Beasley in the near vicinity driving the Mustang shortly before the robbery.

We think the above facts are consistent with the hypothesis of guilt as to Beasley and inconsistent with his innocence in our overall review of this evidence. *Harris v. State,* 217 Tenn. 582, 586, 399 S.W.2d 749 (1965). That evidence as detailed was uncontradicted. *Humphreys v. State,* 187 Tenn. 377, 215 S.W.2d 791, 793 (1948), and must be viewed here in its strongest light to the theory of the state as outlined in *State v. Pritchett,* Tenn., 524 S.W.2d 470, 472

(1975). That theory, as accredited by the verdict of the jury, is that Beasley was driving the Mustang and transported Jennings and Allison from the scene. In short, he was aiding and abetting in the robbery. The assignment is overruled.

█ Plaintiff-in-error Allison contends that the court erred in failing to grant his motion for a directed verdict, at least as to the charge of armed robbery. His reasoning is that the use of the pistol by Brown was after the robbery was completed, therefore, the evidence would not sustain his armed robbery conviction. We reject that reasoning. *Burgin v. State,* 217 Tenn. 682, 687, 688, 400 S.W.2d 539 (1965). The victim identified Allison as one who entered the store with Jennings and Brown, and who fled from the store with those two after the assault and the robbery. Codefendant Brown, in rebuttal, also testified that Allison was one of the three robbers of the store. Allison's presence, under the circumstances outlined, raised a question of fact for the jury as to whether he was a participant in the robbery. That verdict has resolved that question adversely to him. *McBee v. State,* 213 Tenn. 15, 19, 372 S.W.2d 173 (1963). This assignment relating to the directed verdict is overruled.

█ Beasley assigns that the trial court erred in not abating the indictment against him because he was denied effective assistance of counsel during the thirty days following his arrest. Three of the codefendants were represented by retained counsel and a fourth one had appointed counsel but Beasley was not represented until counsel was appointed on January 13, 1975, thirty-three days after his arrest. In the meantime Beasley had been indicted during a regular session of the grand jury of the county. He reasons that since no attorney was appointed during that period of time, he could not avail himself of the rights under T.C.A. 40–1131 providing for a preliminary hearing and further contends that the right should be enlarged to require appointment of counsel immediately after arrest. He cites no authority to support his contention and it is weighed accordingly.

The trial court, however, did allow a preliminary hearing after the appointment of counsel, which, we think, corrected any prejudice which may have arisen from the delay.

█ The defendant complains further that he was not provided with a court reporter and free transcript at that hearing. While we can see perhaps a difficult gap here as to indigents preparing a transcript of a preliminary General Session Court proceeding, however, we are not cited to any authority to support this urging. We note that the record does reflect utilization by the defendant throughout the trial of discrepancies at the trial with testimony at the hearing. Under the circumstances outlined, we find no error. This assignment is overruled.

█ Allison assigns that the court erred in refusing to grant the defendant's request for special instructions to the jury concerning the defense of alibi. He complains that the prosecution's failure to provide information as to the whereabouts of his sole alibi witness deprived him of evidence which could substantiate his alibi defense.

There was no proof other than Allison's testimony that he was not in the bait shop at the time of the robbery and had never been in the bait shop. We find no error here when the only proof that he was elsewhere was his own testimony, and where he had been identified as being in the store and where his participation is not based solely on circumstantial evidence. *Manning v. State,* Tenn., 500 S.W.2d 913, 916 (1973). The state was under no duty to locate the alibi witness of Allison. This assignment is overruled.

█ Allison assigns as error that the trial court erred in allowing rebuttal evidence by the state's witness Brown. He reasons this evidence via Brown's testimony that Allison participated in the robbery should have been introduced in chief. This is a matter within the sound discretion of the court. *Guy v. State,* 1 Tenn.Cr.App. 366, 443 S.W.2d 520, 522 (1964). We find no abuse

of that discretion. This assignment is overruled.

■ Lastly, both defendants contend that the court erred in not allowing surrebuttal of Brown's testimony. We find no error here as to Beasley in the absence of any testimony by Brown as to Beasley's involvement. Brown's testimony referred only to the fact that they fled in a Mustang. It is further noted that no predicate for impeachment was advanced by Beasley. Allison contends that surrebuttal should have been allowed to reflect Brown's prior inconsistent statement that other persons were involved in the robbery with no mention of Allison. The trial court out of the presence of the jury allowed a proffer of proof that the witness sought to be called would rebut Brown's denial that he had afore related that, in fact, other people committed the robbery.

■ We think that the only opportunity for this impeachment type testimony to be relevant was after Brown's denial of that prior statement. It was the state's choice to tender Brown in rebuttal, but with that choice we think an accompanying right to impeach was advanced to Allison. 88 C.J.S. Trial § 103, p. 217. There, of course, must be a limit to rebuttal and surrebuttal, which is within the sound discretion of the court. Under these circumstances, however, we feel it was an abuse of that discretion not to allow the surrebuttal evidence to impeach Brown. *State v. Arnold,* 139 Tenn. 674, 202 S.W. 935 (1917). This testimony was clearly prejudicial to Allison, for it put him in the store not only participating in the robbery, but possibly in the assault. We cannot say that this did not affect the results. This assignment of Allison's is sustained.

The judgment of the trial court as to Beasley is affirmed. The judgment of the trial court as to Allison in view of our sustaining his assignment of error herein above, is reversed. The record is remanded for a new trial.

GALBREATH and RUSSELL, JJ., concur.