SOUTHERN RY. CO. *v.* FRANK ROWLAND *et al.*\*

*(Nashville.* December Term, 1925.)

1. **STATUTES.** Court required to save rather than destroy act giving different provisions consistent meaning.

It is the duty of a court construing an act to save rather than destroy it, and to reconcile different provisions, giving them a consistent meaning rather than otherwise. (*Post, p.* 246.)

Acts cited and construed: Acts 1911, ch. 82.

2. **STATUTES.** Title part of act.

Since the general adoption of constitutional provisions requiring the subject or object of every act to be expressed in its title, the title has become not only a necessary but an important part of act. (*Post, pp.* 246, 247.)

3. **STATUTES.** Court may supply language in construing act to effectuate intent.

It is within the powers of a court whenever necessary to effectuate legislative intent to supply language in construing an act, inserting such words and clauses as may reasonably appear to be called for. (*Post, pp.* 246, 247.)

Cases cited and approved: Ashby v. State, 124 Tenn., 690; Riggins v. Tyler, 134 Tenn., 577; Darnell v. State, 123 Tenn., 663.

4. **STATUTES.** Limitation in caption read into body of act authorizing tax for road purposes.

Priv. Acts 1911, chapter 82, which in its caption authorizes county courts to levy a special tax of "not exceeding fifty cents" on each $100 worth of property for road purposes, is not unconstitutional, though act itself contains no such limitation, as limitation will be read into body of act to effectuate legislative intent. (*Post, p.* 247.)

5. **HIGHWAYS.** Improper distribution of special road tax did not invalidate assessment.

Southern Ry. Co. v. Rowland.

That special road tax, levied under Priv. Acts 1911, chapter 82, was not properly distributed among districts of county as contemplated did not invalidate assessment and levy. (*Post*, *pp*. 247, 248.)

Case cited and approved: State for Use, etc., v. Railroad Co., 81 Tenn., 500.

*Headnotes 1. Statutes, 36 Cyc., pp. 1112, 1128, 1129; 2. Statutes, 36 Cyc., p. 1133; 3. Statutes, 36 Cyc., p. 1127; 4. Statutes, 36 Cyc., p. 1044; 5. Highways, 29 C. J., Section 500 (Anno).

FROM McMINN.

Appeal from the Chancery Court of McMinn County. —Hon. T. L. Stewart, Chancellor.

E. B. Madison, Candler & Stewart and James Clark, for appellant.

Frank K. Boyd, for appellee.

Mr. Justice Chambliss delivered the opinion of the Court.

Pursuant to authority conferred by chapter 82 of the Private Acts of Tennessee for the year 1911, authorizing county courts within designated population limits to levy a special tax for road purposes, the county court of McMinn county, to which county the Act applied, levied a tax of six cents on each $100 worth of taxable property for the year 1924. The Southern Railway Company declined to pay the tax assessed on its property in that county, and filed the bill in this case challenging

Southern Ry. Co. v. Rowland.

the constitutionality of the act, upon the ground that the act did not conform to, and was broader than, the caption, and also charging that the county court had failed to comply with certain provisions of the act with respect to the distribution of the fund among the several county districts.

The chancellor sustained a demurrer to the bill, and the railway company has appealed.

The specific complaint made of the act is that whereas in the caption the special tax is limited to fifty cents upon each $100 worth of property, the act itself contains no such limitation. It is of course well settled that the subject of an act must be expressed in the title in order that the legislators may be put upon notice of that upon which they are called to vote, and an act which in its caption fixes a limitation upon the power to tax proposed thereby to be conferred does not conform to the constitutional requirement, if in the body of the act an unlimited power to tax be conferred. In the instant case it is said for the county that, construing the caption and the act, it is quite manifest that it was not the intention of the legislature to confer in the body of the act an unlimited power, but that the words recited in the caption and omitted in the body of the act expressing the limitation to fifty cents can and should be read into the body of the act.

The caption authorizes any county, within the population classification named, through its county court, "to levy and collect a special tax *of not exceeding fifty cents* upon each one hundred dollars' worth of taxable property for the purpose of building and improving public roads," etc. Section 1 of the action provides that the

county court is authorized "to levy and assess a tax up-
on each one hundred dollars' worth of taxable values,"
etc. It is plausibly contended that the words underscored
above were intended to appear between the word "tax"
and the word "upon" in the paragraph quoted from the
body of the act.

Applying well recognized rules of construction which
require the court to save rather than destroy the act, and
to give to it a consistent and sensible meaning rather
than otherwise, and to conform and reconcile the differ-
ent sections and provisions, we are of the opinion that
these qualifying, or limiting, words appearing in the cap-
tion may properly be read into the body of the act.

Formerly the title of an act could not be resorted to in
aid of the construction of the statute, being regarded
merely as the name or description given to it by the
draughtsman. "but since the general adoption of con-
stitutional provisions requiring the subject or object of
every act to be expressed in the title, the title has become
not only a necessary but an important part of a statute."
25 R. C. L., p. 775. This is the general rule. It will not
be denied that it is within the province of the court,
whenever necessary to effectuate the legislative intent,
to supply language in construing an act, inserting such
words and clauses as may reasonably appear to be called
for. Mr. Justice NEIL, in *Ashby* v. *State,* 124 Tenn., 690,
692, 139 S. W., 872, has discussed this question, recogniz-
ing and citing authorities to sustain this general rule of
statutory construction. And see, also, *Riggins* v. *Tyler,*
134 Tenn., 577, 184 S. W., 860. A somewhat analogous situ-
ation was dealt with in the opinion in *Darnell* v. *State,* 123
Tenn., 663, 134 S. W., 307. It was contended in that case

that the act was broader than its title, in that the caption undertook to limit its application to counties of a designated population, whereas the act itself contained a clause extending its provisions "to all grand and petit juries in circuit and criminal courts of this State." The court held that it was competent and proper to read into the act, and add after the word "state," "any counties of the population herein prescribed," thus restricting the operation of the act to the limits prescribed in the caption.

In the instant case a casual comparison of the language hereinbefore quoted from the caption with that quoted from the body of the act suggests the omission in the body of the act of words naming an amount which may be levied. Otherwise the language "upon each $100 worth," etc., would be inapt and uncalled for. The authority would have been expressed fully by the language "hereby authorized and empowered to levy and assess a tax" for road or other desired purposes. The addition of the words, after the word "tax," "upon each $100 worth," clearly implied a fixed or limited amount of levy. Taking this manifest omission of some words together with the insertion of wholly appropriate words in the appropriate comparative position in the caption, we are constrained to hold that the words "of not exceeding fifty cents" should be read into the body of the act.

It is also insisted that the county court has failed to make such distribution of the fund raised from this special tax among the districts of the county as is contemplated and called for by the act, but we are of opinion that such alleged improper expenditure would not invalidate the assessment and levy. This view seems to be

in harmony with the holding of this court in *State for Use, etc.,* v. *Railroad Co.,* 13 Lea, 81 Tenn. 500. If it be conceded, as we have found, that the levy of six cents on the $100 was lawfully made, as was said in the above case, "the road can in no way be injured, whether this sum be apportioned accurately between the districts. It cannot be allowed to pay no tax because of such unequal distribution."

The decree must be affirmed.