STATE OF TENNESSEE ex rel. JAMES B. ROSS,
a Citizen of Maury County, Tennessee,

*v.*

DAVID F. FLEMING, County Judge of
Maury County, Tennessee.

364 S. W. 2d 892.

(*Nashville,* December Term, 1962.)

Opinion filed February 7, 1963.

JAMES B. Ross, County Attorney, Columbia, for plaintiff in error.

MACFARLAND & COLLEY, Columbia, for defendant in error.

Mr. Justice Dyer delivered the opinion of the Court.

James B. Ross, County Attorney for Maury County, on relation of the State of Tennessee brought an action for a writ of mandamus in the Circuit Court of Maury County against David F. Fleming, County Judge of Maury County to require the County Judge to pay the salary of the County Attorney under the provisions of Chapter 235 of the Private Acts of 1959. In this opinion James B. Ross, County Attorney will be referred to as petitioner and David F. Fleming, County Judge as defendant.

The office of County Attorney for Maury County was created by Chapter 287 of the Private Acts for 1901, and is as follows:

*An Act to Create the Office of County Attorney of Maury County and to prescribe the duties thereof.*

SECTION 1. *Be it enacted* by the General Assembly of the State of Tennessee that there is hereby created the office of County Attorney of Maury County; said officer shall be elected by the Quarterly County Court of Maury County at its July term for a period of four

years and regularly thereafter on the first Monday of April every four years. The salary of the County Attorney shall not exceed $750.00 per annum payable quarterly out of the county treasury.

SECTION 2. *Be it further enacted* that it shall be the duty of the County Attorney to attend to the legal business of the County and to represent the State in all cases in the Criminal Court of Maury County and he shall have all of the power and authority with the Grand Jury when sitting for the Criminal Court and to prepare and sign bills of indictment as heretofore possessed by the District Attorney General in such cases, and shall take the same oath of office as is administered to the District Attorney Generals.

SECTION 3. *Be it further enacted* that This Act shall take effect from and after its passage, the public welfare requiring it.

Passed: April 5, 1901.

Approved by Governor: April 19, 1901.

In 1949, Priv.Acts 1949, c. 445 and again in 1955, Priv. Acts 1955, c. 202 Chapter 287 above was amended to raise the salary, but this Act was not otherwise affected and these amendments are not material to the issue raised in this suit.

Petitioner has been elected to several terms in this office, but the only terms germane to the issue here are two four year terms the first beginning in April 1957 and the second beginning April 10, 1961. On March 3, 1959 the legislature passed a private act being Chapter 235 of the Private Acts of 1959 having as its only purpose

to raise the salary of the County Attorney for Maury County from $3600.00 per year to $4200.00 and by its terms was to become effective February 1, 1959. The act was approved by the Governor on March 21, 1959 and properly ratified by the County Court of Maury County on April 13, 1959. After passage of this act petitioner made several efforts to have defendant pay him the increase allowed. Defendant refused to pay the increase allowed by the Act on the ground same was violative of Article 11, Section 9 of the Constitution of the State of Tennessee. The result being this suit for mandamus.

The trial judge found as follows:

"From all of which the Court is of the opinion and so holds that the office of County Attorney for Maury County is a county office as contemplated by Article XI, Section 9, being the Home Rule Amendment, to the Constitution, and that therefore, Chapter 235 of the Private Acts of the Legislature of 1959, and especially Section 2 of the Act providing the effective date as February 1, 1959, is violative of Article XI, Section 9, of the Constitution. The Court further finds that it is the duty of the Court to save the constitutionality of the Acts of the Legislature wherever it is possible so to do, and if necessary, to apply the Doctrine of Elision by striking any portion or clause of an Act, and if necessary, to substitute words and clauses so as to preserve the constitutionality of this Act or any Act of the Legislature. The Court finds that the Private Act of 1959 is so drawn and worded that the Doctrine of Elision can be easily applied and that the effective date, February 1, 1959, can be elided and stricken and that the remainder of the Act can be preserved by de-

claring that it was the intention of the Legislature to make the Act applicable and operative at the earliest possible time, which would be from and after the new term began, in this instance being April 10, 1961. It is, therefore, ordered, adjudged and decreed that Section 2 of Chapter 235 of the Private Acts of 1959 be and the same is hereby modified by striking the words and figures, 'February 1, 1959', and substituting therefor the words and figures, 'April 10, 1961', the effect of said Act then being that the salary of the County Attorney for Maury County shall be fixed at the sum of $4,200.00 per annum, payable monthly, from and after April 10, 1961, the date of the new term of the plaintiff.''

The second paragraph of Article XI, section 9 being a recent amendment to our constitution, but effective prior to the passage of Chapter 235, Private Acts of 1959 reads as follows:

''The General Assembly shall have no power to pass a special, local or private act having the effect of removing the incumbent from any municipal or county office or abridging the term or altering the salary prior to the end of the term for which such public officer was selected, and any act of the General Assembly private or local in form or effect applicable to a particular county or municipality either in its governmental or its proprietary capacity shall be void and of no effect unless the act by its terms either requires the approval by a two-thirds vote of the local legislative body of the municipality or county, or requires approval in an election by a majority of those voting in said election in the municipality or county affected.''

February 1, 1959 is a date during the term of office for which petitioner was elected for four years in April 1957. Chapter 235, Private Acts of 1959 with this effective date is violative of the clear language of Article 11, Section 9 of our Constitution. The questions for decision here are to-wit; (1) is the office of county attorney such an office as contemplated by Article 11, Section 9; and (2) can this private act be saved by eliding the offending date of February 1, 1959 and inserting the earliest date not offending to our constitution being the beginning of the next term April 10, 1961.

In regard to whether petitioner as County Attorney holds an office within the meaning of Article 11 Section 9, or is a mere county employee this Court speaking through Mr. Justice Burnett in *Glass v. Sloan,* 198 Tenn. 558, 559, 281 S.W.2d 397 made the following statements:

"In deciding whether a particular employment is an office within the meaning of the Constitution or statutory provisions, it is necessary that each case be determined by a consideration of the particular facts and circumstances involved; the intention and subject matter of the enactment, the nature of the duties, the method by which they are to be executed, the end to be attained, etc.

"The line between the public office and the public employment is sometimes not too clearly marked by judicial decisions. One of the criteria of public office is the right of the officer to claim the emolument of said office attached to it by law. Another one of the criteria of public office is the oath required by law of the public officials; * * * another the bond required by law of certain public officials. But in determining the question

of whether or not this Act under consideration creates an office or employment it is not necessary that all criteria be present, however, it has been held on good authority that tenure, oath, bond, official designation, compensation and dignity of position may be considered along with many other things.''

The holder of this office would have a right to claim the emoluments of this office during the terms for which elected. He is required to take an oath and the duties of the office are of greater dignity than could be placed on a mere county employee. We think the Trial Judge was correct in holding this is an office as contemplated by Article 11, Section 9 of our Constitution.

In the case of *Davidson County v. Elrod,* 191 Tenn. 109, 232 S.W.2d 1, in regard to the doctrine of elision this Court made the following statement:

''Perhaps the clearest statement of the rule is that if it is made to appear from the face of the statute that the Legislature would have enacted it with the objectionable features omitted, then those portions of the statute which are not objectionable will be held valid and enforceable, *State ex rel. Bond v. Taylor,* 119 Tenn. 229, 257, 104 S.W. 242, provided, of course, there is left enough of the Act for a complete law capable of enforcement and fairly answering the object of its passage. *Reelfoot Lake Levee District v. Dawson,* [97 Tenn. 151, 36 S. W. 1041. 34 L.R.A. 725] supra.

''However, a conclusion by the Court that the Legislature would have enacted the Act in question with the objectionable features omitted ought not to be reached unless such conclusion is made fairly clear of doubt from the face of the statute. Otherwise, its decree may

be judicial legislation. Probably that may be a reason why the doctrine of elision is not favored." 191 Tenn. 109, 232 S.W.2d 1.

The sole purpose of Chapter 235, Private Acts of 1959 was to raise the salary of the County Attorney of Maury County from $3600.00 per year to $4200.00 per year. From the face of this statute it appears the legislature would have enacted same with the offending date of February 1, 1959 removed, and after the removal of this date there would be enough left of the act fairly answering the object of its passage. Since to elide this date will not of itself save the Act, then the question is can we insert therein the earliest date wherein the Act can be saved same being the beginning of the next term April 10, 1961.

In the case of *Riggins v. Tyler*, 134 Tenn. 577, 184 S.W. 860 the validity of Chapter 28 of the Acts of 1915 was called in question. This Act authorized counties of the State having a population of not less than 33,500 nor more than 34,000 to issue highway bonds. The Act as written was too indefinite as to the county or counties to which it would be applicable, since there was no reference to any census as a standard to be used, either in the caption, or title, or anywhere in the Act. This Court held this Act necessarily referred to the Federal Census of 1910 and in doing so quoted the following language from *Ashby v. State,* 124 Tenn. 684, 139 S.W. 872.

"[I]n order to effectuate the legislative intent 'words may be modified, altered, or supplied so as to obviate any repugnancy or inconsistency with such intention.' " 124 Tenn. 684, 139 S.W. 872.

This court in the case of *Southern Railway Company v. Rowland,* 152 Tenn. 243, 276 S.W. 638 made the following statement:

"* * * it is within the province of the court, whenever necessary to effectuate the legislative intent, to supply language in construing an act, inserting such words and clauses as may reasonably appear to be called for." 152 Tenn. 243, 276 S.W. 638.

We agree with the Trial Judge that it will effectuate the obvious legislative intent of this act to elide the offending date of February 1, 1959 and supply the date of April 10, 1961. It results that all assignments of error are overruled and the judgment of the trial court affirmed.