**STATE of Tennessee, Petitioner,**

v.

**Reeder ROBBINS, Jr., Respondent.**

Supreme Court of Tennessee.

June 3, 1974.

David M. Pack, Atty. Gen., Bart C. Durham, III, Asst. Atty. Gen., Nashville, John L. Williams, Dist. Atty. Gen., Huntingdon, for petitioner.

H. T. Ethridge, Jr., Jackson, for respondent.

## OPINION

W. M. LEECH, Special Justice.

Respondent, Reeder Robbins, Jr., was convicted of involuntary manslaughter and his punishment fixed by the jury as confinement for not more than one year in the state penitentiary. A timely appeal in the nature of a writ of error was perfected attacking the validity of the conviction. The Court of Criminal Appeals, with Judge Oliver dissenting, reversed holding that T. C.A. § 59–1049 was violative of the confrontation clause, therefore, allowing evidence to be admitted pursuant thereto was reversible error. We granted the State's petition for the writ of certiorari so the constitutionality of the foregoing Code section could be determined.

The pertinent facts as ascertained from the record reveal that:

On August 14, 1972, at approximately 7:00 P.M., respondent, while driving his car under the influence of an intoxicant, struck and instantly killed a seventy-nine year old female pedestrian. Prior to striking the decedent, respondent's car skidded 27 feet, it then went into a ditch and struck a culvert, came back across the road and finally stopped 142 feet from the decedent's body which was 39 feet from the point of impact. The weather was clear and the pavement was dry. The first person to reach the scene, a deputy sheriff who witnessed the accident, testified that the respondent was under the influence of an intoxicant and smelled like alcohol. The sheriff also testified that the respondent had been drinking and was staggering at the scene of the accident. The highway patrolman who administered an SM–7 breath test to respondent two and one-half hours after the accident, testified that respondent was intoxicated at the time of the test. In addition to the foregoing testimony, respondent admitted that he drank seven or eight tall cans of beer between 1:00 and 6:00 P.M. on the day of the accident. Moreover, the result of the SM–7 breath test reflected an alcohol concentration level above that which raises the legal presumption of intoxication.

Inasmuch as respondent's conviction was reversed as a result of the admission into evidence of the results of the SM–7 breath test, it is necessary that the facts related to that test be set out in more detail. Since this was adequately done in Judge Oliver's dissenting opinion, we shall adopt his statement of those facts as our own. They are as follows:

"[T]he record shows that at the jail following the fatal accident Highway Patrolman John Horton administered an SM–7 breath test (balloon test) to the defendant, to which he consented and agreed after explanation of his rights, and that the samples taken were mailed to the toxicologist's laboratory in Memphis.

"Dr. Stafford, official custodian of the toxicology laboratory records, testified that according to his records a request for analysis of an SM–7 breath test administered to the defendant was made by John Horton; that Paul Kosko worked in the laboratory and analyzed the specimen taken; that the test results were then certified by the Chief Medical

Examiner of the State and a copy of the results was sent to the sender; and that the test results showed the alcohol concentration to be .18 per cent. The record Dr. Stafford referred to was a Tennessee Department of Public Health Toxicology Laboratory report form, at the top of which was a request for an analysis of the breath specimen taken from the defendant and at the bottom of which the results of the test was signed by Kosko and certified by the State Chief Medical Examiner, and was admitted as an exhibit in the trial. Dr. Stafford also testified that Kosko was then out of the State, attending medical school in Mississippi."

The only issue to be considered herein is whether T.C.A. § 59–1049 violates the confrontation clause which is embodied in Article 1, Section 9 of the Tennessee Constitution and the Sixth Amendment to the Federal Constitution. In order to resolve the foregoing issue, two questions must be answered. First, whether the admission of the results of Kosko's laboratory testing made him a "witness against" the respondent and second, whether respondent "waived" his right of confrontation.

T.C.A. § 59–1049 provides in pertinent part:

"The certificate provided for in this section shall, when duly attested by the chief medical examiner or his duly appointed representative, be admissible in any court, in any criminal proceeding, as evidence of the facts therein stated, and of the results of such test if the person taking or causing to be taken the specimen and the person performing the test of such specimen shall be available, if subpoenaed as witnesses, upon demand by either party to the cause, or, when unable to appear as witnesses, shall submit a deposition upon demand by either party to the cause."

■ ■ The foregoing paragraph allows the certificate to be admitted into evi-dence only if the following conditions are met:

1. Said certificate is properly attested, and

2. The party taking or causing the taking of the specimen and the party testing the specimen are available to testify.

The second of the two foregoing conditions does not become operative, however, unless either party to the cause demands such. Although it is clear that T.C.A. § 59–1049 does not require the testimony of unconfronted witnesses to be admitted into evidence, but merely allows such evidence to be admitted when the defendant does not object; the question remains whether this violates the confrontation clause as has been authoritatively construed by the courts.

In Pointer v. Texas, 380 U.S. 400, 85 S. Ct. 1065, 13 L.Ed.2d 923 (1965), the United States Supreme Court held that the Sixth Amendment right of confrontation applies to the states through the Fourteenth Amendment. However, since that case, the Court has not set out the boundaries of the rule. In fact, the present state of the confrontation clause is one of chaos. See, e. g., Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970); Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968); California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L. Ed.2d 489 (1970); Barber v. Page, 390 U. S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). Thus, this Court can gain little guidance from the United States Supreme Court.

■ Nevertheless, having made an exhaustive search for authority that would have a bearing on the outcome of the instant case, we have found the case of United States v. Beasley, 438 F.2d 1279 (6th Cir. 1971), cert. denied, 404 U.S. 866, 92 S.Ct. 124, 30 L.Ed.2d 110 (1972), to be helpful. Therein, the defendant contended

that the Government's failure to call the laboratory technician who processed the defendant's latent palm print from a hold-up note violated his Sixth Amendment right to confront and cross examine his accusers. In response thereto, the Court said:

"[T]here could have been nothing accusatorial in the technician's testimony that he properly performed the mechanical test of 'bringing out' the latent prints on the note paper; therefore he was not a witness 'against' the Appellant, and the Sixth Amendment guarantee of confrontation and cross examination does not apply." 438 F.2d at 1281.

Likewise, in the instant case the testimony of Kosko, the laboratory technician, that he properly analyzed the specimen would not make Kosko a witness against the respondent. Thus, the admission of the results of the breath analysis, was not in violation of the confrontation clause.

Moreover, in California v. Green, 399 U.S. at 161–162 90 S.Ct. at 1936 (1970), the United States Supreme Court said "[t]he concern of most of our cases has been focused on . . . [the] situations where *statements* have been admitted in the absence of the declarant." (Emphasis added). In the instant case, Kosko made no statement and none was admitted into evidence, therefore, there was nothing to confront. It results therefore, that we find and hold that since the person performing the test made no "statement" and is not a "witness against" the defendant there is no violation of the confrontation clause as found in Article 1, Section 9.

Assuming *arguendo*, however, that Kosko was a "witness against" the respondent, the question remains whether respondent waived his right of confrontation by not demanding Kosko's presence at the trial. We think he did.

■ In Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), the United States Supreme Court first enunciated the test for waiver of Sixth Amendment rights as the "relinquishment or abandonment of a known right or privilege." Similarly, in State ex rel. Lea v. Brown, 166 Tenn. 669, 64 S.W.2d 841 (1933), cert. denied, 292 U.S. 638, 54 S.Ct. 717, 78 L.Ed. 1491 (1933), this Court, in a split opinion, declared that personal constitutional rights can be waived. In the instant case, it is clear that respondent waived any personal constitutional right to confront Kosko because he knowingly failed to subpoena him. Therefore, respondent cannot now complain that he was deprived of that right.

■ The only possible question remaining is whether the last clause of T.C.A. § 59–1049 is constitutional. However, having previously found that T.C.A. § 59–1049 does not make the technician a witness against the accused, and since the foregoing question is not factually before this Court, said question will not be considered.

■ In conclusion, we hold that the proof is sufficient to sustain the involuntary manslaughter conviction, and that T.C.A. § 59–1049, as applied in the instant case, did not violate respondent's right to confront his accusers. It necessarily follows, therefore, that we reverse the holding of the Court of Criminal Appeals and affirm the judgment of the trial court.

DYER, C. J., and CHATTIN, McCANLESS, and FONES, JJ., concur.

OPINION ON PETITION TO REHEAR

A petition to rehear has been filed by the defendant in which three alleged errors are urged for consideration. They are:

"1. From the opinion of this Honorable Court, petitioner verily believes that the Court overlooked the fact that he demanded that Mr. Kosko be present in Court so that he could be cross-examined

by petitioner; it is true he was not under subpoena but your petitioner did not know until the day of the trial the State did not have him present, therefore, petitioner states that he did all that any reasonable man would do under the circumstances.

"2. In the opinion given by this Honorable Court they only cited the test (sic) given by the officers as to whether or not your petitioner was under the influence of an intoxicate, but did not seem to consider the witnesses presented by the petitioner.

"3. Your petitioner is unable to understand how this Court came to the conclusion that Mr. Kosko was not a witness against him in this cause because the jury learned from the papers submitted to them that the SM–7 breath test showed .18 which was above the allotted amount for a sober person."

As to assignment No. 1, the defendant was represented by able counsel, and if it was deemed material for the technician to testify as to the method used in making the test, there was ample time prior to the trial to either subpoena the witness or to take his deposition. A party can not wait until the date of trial to complain of witnesses not being present.

As to assignment No. 2, we did consider the testimony of the defendant and his witnesses, and in our opinion the testimony of the defendant established beyond a reasonable doubt that he was intoxicated at the time of the accident.

Assignment No. 3 goes only to defendant's disagreement with the Court's interpretation of the law. Our reasons were given in the original opinion: "The office of a petition to rehear is to call the attention of the court to matters overlooked, not to those things which counsel supposes were improperly decided after full consideration." L & N Rd. Co. v. U. S. F. & G. Co., 125 Tenn. 658, 691, 148 S.W. 671, 680 (1911). Cox v. McCartney, 34 Tenn.App. 235, 242–243, 236 S.W2d 736, 739 (1950).

The petition to rehear is denied.

DYER, C. J., and CHATTIN, Mc-CANLESS, and FONES, JJ., concur.