STATE of Tennessee, Appellee,

v.

William D. SHELTON, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 28, 1983.

William M. Leech, Jr., Atty. Gen., J. Andrew Hoyal, II, Asst. Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Pikeville, for appellee.

John Ben Pectol, Dayton, for appellant.

## OPINION

O'BRIEN, Judge.

Defendant was convicted of vehicular homicide in the Criminal Court of Rhea County and sentenced to serve ten (10) years in the penitentiary.

He was charged with the death of Norma Carol Jones which occurred on April 22, 1979 at approximately 08:30 p.m., on Toe String Road in rural Rhea County. The victim's husband, Russell B. Jones, was driving his vehicle in a southerly direction when defendant, driving northwardly, passed a car traveling in the same direction, and collided head-on with the vehicle driven by Mr. Jones. Both Jones and his mother-in-law Mrs. Virginia Gresham were severely injured. Mrs. Jones was killed by the impact. It is defendant's theory of the accident, and he so testified at trial, supplementing his testimony with photographs of the roadway, that Mr. Jones had maneuvered his vehicle into the north bound lane of traffic to avoid a large pot-hole in the road. This evidence was refuted by Mr. William Moore the driver of the northbound vehicle which defendant passed immediate-

ly preceding the accident, by the investigating police officer Highway Patrolman Jerry McKenzie, and by the physical evidence at the scene of the accident.

■ Defendant makes the argument that the State failed to rebut his theory of the circumstances and so the jury would be required to accept his version of the events which occurred. This is not the case. The jury heard all of the evidence and the testimony of the witnesses for both sides in the controversy. As we said in *State v. Smith,* 626 S.W.2d 283, (Tenn.Cr.App.1981):

"The discrepancies in the evidence and conflicts in the testimony have been resolved by the verdict of the jury whose function it is to resolve those conflicts, to weigh the evidence, and to draw reasonable inferences from the evidence in reaching their verdict. See *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Once a defendant has been found guilty at trial, upon judicial review, all of the evidence is to be considered in the light most favorable to the prosecution. Tennessee Appellate Procedure Rule 13(e) requires that findings of guilt in criminal actions shall be set aside only if the evidence is insufficient to support the findings of guilt by the trier of fact beyond a reasonable doubt."

We have reviewed the evidence and find that it overwhelmingly sustains the jury verdict.

■ Defendant has made a multipronged attack on the admission of evidence of a blood test to determine the alcoholic content of his blood. We note at the outset that the only objection to the admission of the blood alcohol test made in the motion for new trial was on the basis that the chain of custody was broken between the time the blood sample was taken and evidence of its alcohol content was offered in evidence. The failure to give a trial judge the opportunity to correct an alleged error by presenting the same at the motion for new trial constitutes a waiver of those issues for the purpose of appellate review. *State v. Givhan,* 616 S.W.2d 612, (Tenn.Cr. App.1981); T.R.A.P. Rule 3(e).

We think, however, that some discussion of the issues is warranted in order to correct some erroneous impressions on the part of court and counsel below. (T.R.A.P. Rule 13). Defendant says it was error to admit the oral testimony of the investigating officer because he was unable to produce written authorization for defendant's blood test. The officer testified that defendant accompanied him to the Rhea County hospital and voluntarily consented to the blood test. He submitted a written authorization to a medical technician at the hospital who withdrew the blood sample in his presence. The sample was handed to him and he mailed the substance to the toxicology laboratory at Nashville. Subsequently the certified results were returned to him. Arthur Flatt, testified he was a toxicologist employed by the State of Tennessee in the State Crime Laboratory. On April 24, 1979 the blood and urine samples identified as those of William D. Shelton were received from Trooper McKenzie. He accomplished the analysis procedure and found the blood contained .24 grams per cent alcohol.

When the Attorney General for Rhea County endeavored to introduce the chemical analysis report through the testimony of Patrolman McKenzie defense counsel objected to its admission on the basis that the best evidence would be a written authorization by the officer to the hospital employee at the Rhea County Hospital to extract the blood sample. The trial court allowed its admission for identification purposes only.

■ T.C.A. § 55–10–406, referred to commonly as the implied consent law, provides, in pertinent part that a person who drives a motor vehicle in the State of Tennessee shall be deemed to have given his or her consent to a test for the purpose of determining the alcohol or drug content of his or her blood, if the test is administered at the direction of a law enforcement officer having reasonable grounds to believe that person has been driving while under the influence of an intoxicant or drug. The statute requires a written request from the law enforcement officer to the appropriate

medical personnel for the purpose of avoiding any civil or criminal liability, except for negligence on their part, as a result of withdrawing the said blood.

T.C.A. § 55–10–407 provides that upon the trial of any person charged with a violation of Title 55, Chapter 10, the results of any test made of the person so charged shall be admissible in evidence in criminal proceedings.

T.C.A. § 55–10–408 provides that when any defendant who has in excess of ten-hundredths of one percent (.10%), or more, by weight of alcohol in their blood it shall create a presumption that the defendant was under the influence of an intoxicant to the extent that it impaired their driving ability sufficiently to constitute a violation of the drunk driving law.

T.C.A. § 55–10–410 provides for the analysis of a blood specimen upon request of an arresting officer, county medical examiner, or any district attorney general. It is the duty of the examining official or his duly appointed representative to execute a certificate indicating the name of the accused, the date, the time, and by whom the specimen was received and examined, together with a statement of the alcohol concentration (or presence of drugs) of the specimen. A report of the results of said tests are to be made and filed in that office, and a copy mailed to the District Attorney General for the district where the case arose. The statute specifically provides that when duly attested by the chief medical examiner or his duly appointed representative, the certificate provided for shall be admissible in any court, in any criminal proceeding, as evidence of the facts therein stated, and of the results of such tests if the person taking or causing to be taken the specimen and the person performing the test of such specimen shall be available, if subpoenaed as witnesses, upon demand by either party to the cause. See *State v. Robbins,* 512 S.W.2d 265 (Tenn.1974).

The defense objection here to the admission of the report in this case was on the basis that the written authorization by the police officer was not available and the officer's testimony relative to the extraction of the blood sample from defendant was a violation of the best evidence rule. An examination of the report in the record shows that it is a standard Tennessee Department of Public Health Toxicology Laboratory report form. At the top is a request by Patrolman McKenzie for a blood and urine specimen. This was collected by David L. Smith, who was a medical technician, for the purpose of determining the alcohol and drug content in defendant's body. The form clearly shows it was submitted with the specimen to the laboratory by Patrolman McKenzie. The bottom half of the form specifically sets out that it was received at the laboratory by U.S. mail. A determination of the ethyl alcohol content of defendant's blood was determined to be .24 grams percent. It was signed by Arthur C. Flatt, and certified by Harold E. Cole.

 Other than its questionable certification, there was no reason why the form should not have been admitted into evidence by the trial judge. The chain of evidence relative to the transmission of the blood specimen was complete. By the same token, there was no necessity for its admission and defendant's theory that the oral testimony of Patrolman McKenzie violated the best evidence rule is erroneous. The best evidence rule has no application to a case where a party seeks to prove a fact which exists independently of any writing. He may do so by oral testimony, even though the fact has been reduced to, or is evidenced by, a writing. Nor is it contrary to the best evidence rule that oral testimony of a fact in issue may be the primary evidence thereof, although there is written evidence of the same fact. Where the essential fact to be proved is neither the existence or the content of the writing, but the existence of the independent fact itself, the writing is merely collateral or incidental. When the fact of which evidence is sought to be adduced is one that may have been observed by a witness, then his testimony regarding what he has seen or heard is primary evidence, even though such a

fact is later reduced to writing and incorporated in a writing or document. See 29 Am.Jur.2d, Evidence, Sec. 449. In this case the officer testified about what he had done, and what he had observed in reference to obtaining a sample of defendant's blood. The chemical analysis request could have been admitted in conjunction with his testimony but was not essential to the fact and circumstances of the collection of the blood and urine specimens.

Defendant's objection to the admission of the toxicology laboratory report has some basis although its admission is authorized by statute and therefore an exception to the best evidence rule. However, the report was not in fact admitted for consideration by the jury. We are inclined to agree that the report form in the record does not meet the requirements of T.C.A. § 55–10–410(b) which provides that the chief medical examiner or his duly appointed representative shall execute a certificate concerning the contents of the report. The certification and attestation are made by Harold E. Cole with no indication whatsoever of who that individual might be. There was no question about Mr. Flatt's status as a toxicologist in the State of Tennessee's Crime Laboratory nor his qualifications to make an analysis of defendant's blood specimen. He testified from his personal notes that he had received the specimens of defendant's blood and urine. He testified about the analysis procedures and the ethyl alcohol content in defendant's blood. His testimony too was primary evidence of the fact to be proved.

Finding no reversible error in the trial court proceedings we affirm the judgment.

CORNELIUS, J., and BILLY JOE WHITE, Special Judge, concur.