STATE of Tennessee, Appellant,

v.

George S. HUGHES, Appellee.

Supreme Court of Tennessee,
at Nashville.

June 16, 1986.

W.J. Michael Cody, Atty. Gen. and Reporter, Robin J. Mitchell, Asst. Atty. Gen., Nashville, for appellant.

David Comer, Lawrenceburg, for appellant.

## OPINION

FONES, Justice.

We granted the State's Rule 11 application in this case to consider whether T.C.A. § 55–10–410(d) violates the constitutional right of confrontation and to resolve any conflict between this Court's decisions in *State v. Robbins,* 512 S.W.2d 265 (Tenn. 1974) and *State v. Henderson,* 554 S.W.2d 117 (Tenn.1977).

Defendant was convicted in the trial court of driving while intoxicated. The Court of Criminal Appeals reversed his conviction and remanded for a new trial. The intermediate court held that the trial court's admission of the report of laboratory test results through the testimony of a witness other than the technician who conducted the test, violated defendant's constitutional right of confrontation; that the presence of the technician in court in response to defendant's subpoena, did not cure the confrontation violation, relying upon *State v. Henderson, supra.*

The only testimony adduced in the circuit court proceeding was that of Sergeant Ted Boyd of the Loretto, Tennessee Police Department who recounted the following set of facts.

At approximately 2:40 p.m. on October 8, 1984, Sergeant Boyd was dispatched to the scene of an accident at the intersection of Commerce and Main Streets in Loretto where he found defendant sitting in his automobile where it had come to rest after the impact. The sergeant noted that defendant smelled of alcohol, ran his words together, and had to be told several times to produce his driver's license. Sergeant

Boyd asked defendant if he had been drinking, and defendant replied that he had "had a few." When defendant stepped out of his automobile the sergeant observed that he "would weave while he was trying to stand and talk ..., and that he ... had to hold on to the side of the car to keep from falling." Sergeant Boyd placed defendant under arrest, advised him of his rights, and transported him to Crockett General Hospital for the blood test. Defendant agreed to the test and remarked that he had "had a couple of drinks of whiskey" at his brother's house. At 3:30 p.m., a medical lab technician named Mochelle Barley drew the blood sample. Sergeant Boyd took custody of the sample and sent it to the Tennessee Bureau of Investigation Crime Laboratory where it was analyzed by one Samuel Manuel.

Neither party called Manuel to testify, even though he was under subpoena at the instance of the defendant and present in the courtroom throughout the trial. Over defense counsel's objection, the trial court permitted the statutory certificate of blood alcohol test results to be admitted as an exhibit to the testimony of Sergeant Boyd. The analysis revealed a .31% concentration of alcohol in defendant's blood.[1]

Defendant objected to the introduction of the test results through any witness other than Manuel, relying upon *State v. Henderson, supra.* The State's position was that the statutory prerequisite for admission of the test results had been complied with, that Manuel was present in court, having been subpoenaed by defendant. The trial judge then asked the prosecutor why he did not call Manuel to the stand. The response was that the State was not required to under the statute and that under the local practice the State would be required to bear the expense of the witness's attendance if it called him to testify.

Tennessee Code Annotated § 55–10–410(d) provides:

The certificate provided for in this section shall, when duly attested by the chief medical examiner or his duly appointed representative, be admissible in any court, in any criminal proceeding, as evidence of the facts therein stated, and of the results of such test if the person taking or causing to be taken the specimen and the person performing the test of such specimen shall be available, if subpoenaed as witnesses, upon demand by either party to the cause, or, when unable to appear as witnesses, shall submit a deposition upon demand by either party to the cause.

This case brings into focus a conflict between the court's decisions in *State v. Robbins, supra* and *State v. Henderson, supra* and requires that we directly confront the issue of whether T.C.A. § 55–10–410(d) violates the confrontation clause, Article I, section 9 of the Tennessee Constitution and the Sixth Amendment of the United States Constitution.

In *Robbins,* Kosko, a lab technician, was out of the state attending medical school in Mississippi and neither the State nor defendant made any effort to have him present at trial or obtain his deposition. Kosko's report of the test result was admitted as an exhibit upon identification by the official custodian of records of the Tennessee Department of Public Health Toxicology Laboratory. The report showed an intoxication level of .18%. The first issue the Court addressed was whether the admission of the result of Kosko's laboratory tests made him a witness against defendant. Relying upon *United States v. Beasley,* 438 F.2d 1279 (6th Cir.1971) *cert. denied* 404 U.S. 866, 92 S.Ct. 124, 30 L.Ed.2d 110 (1972), the conclusion was reached that the testimony of the laboratory technician that he properly analyzed the specimen would not make him a witness against defendant. Next, the Court held that assuming arguendo that Kosko was a witness

---

1. T.C.A. § 55–10–408(b) provides:
   "Evidence that there was, at the time alleged, ten-hundredths of one percent (.10%), or more, by weight of alcohol in the defendant's blood, shall create a presumption that the defendant was under the influence of such intoxicant, and that his or her ability to drive was impaired thereby..."

against defendant, that defendant had waived his right of confrontation by not demanding Kosko's presence at trial. Finally, the *Robbins* Court held that having found that the statute did not make the laboratory technician a witness against the accused, the constitutionality of the statute was not before the Court.

In *Henderson,* the defendant had been convicted of possession and sale of LSD and marijuana. The only evidence in the record identifying the substances as contraband was a toxicology laboratory report prepared by lab technicians who were on vacation and temporarily unavailable at the time of trial. The report was introduced, over defendant's objection, through the testimony of the director of the laboratory, who neither supervised the tests nor had any independent knowledge of the nature of the substances tested. This Court held that upon objection by defendant, "the State cannot prove an essential element of a criminal offense by test results introduced through a witness other than the one who conducted the tests." 554 S.W.2d at 122.

■ Although neither T.C.A. § 55–10–410(d), nor any other statute authorizing the introduction of laboratory test results under prescribed circumstances was applicable to the substances involved in *Henderson,* its rationale on the confrontation issue is a direct repudiation of the holding in *Robbins* that the laboratory technician is not a witness against the accused. We hold that to the extent of that conflict only, *Robbins* is overruled.

This brings us to the question of whether T.C.A. § 55–10–410(d) violates the constitutional right of confrontation.

The three purposes of the confrontation clause are to have the witness testify under oath and subject to the penalties for perjury, to enable the fact-finder to observe the manner or demeanor of the witness and assess his or her credibility, and to have the witness available for cross-examination, the "greatest legal machine ever invented for the discovery of truth." *California v. Green,* 399 U.S. 149, 158, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489 (1970).

North Carolina has a statute that allows the introduction of the affidavit of a chemical analyst, "without further authentication," reporting the results of the chemical analysis of blood or breath samples. However, the North Carolina statute has a provision, not present in the Tennessee Statute, that is significant on the issue of the right of confrontation. That provision reads as follows:

If any person who submitted to a chemical analysis desires that a chemical analyst personally testify in the hearing or trial in the District Court Division, he may subpoena the chemical analyst and examine him as if he were an adverse witness.

N.C.G.S. § 20–139.1 (el) (5).

In *State v. Smith,* 312 N.C. 361, 323 S.E.2d 316 (1984), the Supreme Court of North Carolina upheld the constitutionality of that statute which the accused insisted violated the right of confrontation. That court reasoned, in part, as follows:

For purposes of our analysis, however, we do not intend to discuss the defendant's constitutional issue in academic isolation. To do so would be to ignore the practical, common-sense rules which, over the years, our courts have applied in dealing with the competing interests of the accused who asserts a right to confront and cross-examine witnesses and the State which asserts a need to introduce relevant hearsay evidence. Indeed, a literal reading of the Sixth Amendment's Confrontation Clause would require the exclusion of any statement made by a declarant not present at trial and "abrogate virtually every hearsay exception, a result long rejected as unintended and too extreme." *Ohio v. Roberts,* 448 U.S. 56, 63, 100 S.Ct. 2531, 2537, 65 L.Ed.2d 597 (1980). Thus, although the right of confrontation is a fundamental right, it "must occasionally give way to considerations of public policy and the necessities of the case." *Mattox v. United States,* 156 U.S. 237, 243,

15 S.Ct. 337, 340, 39 L.Ed. 409 (1895). For example, in *Ohio v. Roberts* the Supreme Court recognized that "every jurisdiction has a strong interest in effective law enforcement, and in the development and precise formulation of the rules of evidence applicable in criminal proceedings," and further noted that "competing interests, if 'closely examined,' *Chambers v. Mississippi*, 410 U.S. [284] at 295, 93 S.Ct. [1038] at 1046 [35 L.Ed.2d 297 (1973)], may warrant dispensing with confrontation at trial." 448 U.S. at 64, 100 S.Ct. at 2538. 323 S.E.2d at 319.

As recently applied in a case involving the analysis of a controlled substance, one court discussed the rationale for the rule governing admissibility of a written statement of an act done or an act, condition or event observed by a public official as follows:

> The rule is both realistic and practical. Being charged with the obligation of accuracy, a public official's report is accorded a presumption of trust. And to require that a public official relinquish continued attention to the other tasks within his responsibility merely to repeat orally that which he has already written disserves the public. The rule is to be viewed and implemented in this context.

*State v. Malsbury*, 186 N.J.Super. 91, 97, 451 A.2d 421, 424 (1982). The exception to the hearsay rule governing public records and reports has been invoked consistently by courts as the basis for admitting into evidence certificates concerning qualifications of the individual calibrating the breathalyzer instrument; calibration, maintenance, inspection, and testing of the instrument; approval of the laboratory testing the sample; testing of ampules and similator solutions used in such instruments, including the fact that they contained properly compounded materials; and the results of analysis. [Citing cases from Alaska, Delaware, Georgia, Illinois, Minnesota, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, Utah, and *State v. Robbins, supra*.] 323 S.E.2d at 322.

*See also Kay v. United States*, 255 F.2d 476 (4th Cir.1958), *cert. denied* 358 U.S. 825, 79 S.Ct. 42, 3 L.Ed.2d 65 (1958), wherein the Fourth Circuit upheld the Virginia chemical analysis statute as constitutional in the face of an attack predicated upon its violation of the right of confrontation.

Consistent with the actions of many of our sister states, our Legislature has the authority to create an exception to the hearsay rule to serve legitimate objectives, such as alleviating the mandatory appearance of laboratory technicians in every drunk driving case and avoiding congested court dockets waiting for technicians and chemists to "repeat orally that which he has already written." Justification for this intrusion upon the right of confrontation is found in the generally accepted reliability of reports of scientific test results conducted in accord with well established procedures, the absence of motive or opportunity of scientific personnel to falsify the reports and the likelihood that the lab technician's entire testimony and cross examination would be effectively limited to the contents of the report.

However, in spite of the fact that some jurisdictions have upheld statutes that do not provide for cross examination by defendant of the lab technician who performed the test, if requested, we are of the opinion that our holding in *State v. Henderson, supra,* requires that defendant be given the opportunity to cross examine the person who performed the test, if he insists upon that right. Thus, if defendant cannot do that under our statute, we would be compelled to find the statute violates the Constitution of the State of Tennessee.

We are required to indulge every presumption in favor of the constitutionality of legislative acts, to construe an act to save its validity rather than invalidate it and whenever necessary to effectuate legislative intent, to supply language that may reasonably be called for. *See e.g., Dorrier v. Dark,* 537 S.W.2d 888 (Tenn.1976); *Scales v. State,* 181 Tenn. 440, 181 S.W.2d

621 (1944); *Southern R.R. v. Rowland*, 152 Tenn. 243, 276 S.W. 638 (1925).

We hold that the Legislature intended to avoid any confrontation violation by providing that the admissibility of the test results are dependent upon the presence of the laboratory technician who performed the test, if subpoenaed by either party, and that it is implicit in the statute that the lab technician is the State's witness, whether subpoenaed or called to the stand by the State or the accused. It follows that the lab technician may be subpoenaed by the accused at the State's expense and called to the stand and cross examined as a hostile witness where the State does not elect to do so. However, we affirm the holding of *Robbins* that the accused waives the right of confrontation if the laboratory technician is not subpoenaed, or not called to the witness stand by either party.

Since this interpretation of the statute was not available to the trial judge or the parties, we affirm the action of the Court of Criminal Appeals in reversing the conviction and remand this case for a new trial. Costs are adjudged against the State.

BROCK, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.