The **PEOPLE** of the State of Colorado,
Plaintiff–Appellee,

v.

Danette **MAYFIELD–ULLOA,**
**Defendant–Appellant.**

No. 89CA1741.

Colorado Court of Appeals,
Div. II.

Aug. 1, 1991.

**604**

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Scott R. Foncannon, Rocky Ford, for defendant-appellant.

Opinion by Judge SMITH.

Defendant, Danette Mayfield–Ulloa, appeals from a judgment of conviction entered upon a jury verdict finding her guilty of the unlawful sale of cocaine. We affirm.

### I.

Defendant asserts the trial court erred by admitting into evidence both a report analyzing the cocaine and the cocaine itself, arguing that she was denied her right to confront witnesses against her. We perceive no error.

The substance obtained from the defendant and a report indicating the substance was cocaine were admitted into evidence without any testimony by the individual who conducted the testing and prepared the report. The trial court admitted the evidence pursuant to § 16–3–309(5), C.R.S. (1986 Repl.Vol. 8A) and CRE 803(6).

Section 16–3–309(5), C.R.S. (1986 Repl. Vol. 8A) provides that any report of the criminalistics laboratory that performed the tests in question shall be received in evidence in any court, preliminary hearing, or grand jury proceeding in the same manner and with the same force and effect as if the technician who accomplished the requested analysis had testified in person. The statute further provides that any party may request the technician to testify in person at a criminal trial by notifying the witness and other party at least ten days before the date of trial.

Generally statutes which provide that official laboratory reports may be admitted without the testimony of the author but which also provide the right to any party to require such testimony have been upheld as not violative of the confrontation rights of a defendant. *See State v. Hughes*, 713 S.W.2d 58 (Tenn.1986).

Here, the record does not show that the defense requested the technician to testify

in person at the trial. In essence, that failure to request testimony by the author of the report constitutes a waiver of the right of confrontation. Thus, in light of the statutory provision, we conclude that, here, the admission into evidence of the report and the cocaine was not erroneous.

## II.

Defendant contends the trial court erred by admitting into evidence certain hearsay statements made by an alleged co-conspirator. She argues that the record is devoid of any evidence of a conspiracy other than the hearsay statements and that the statements were not made during the course and in furtherance of the conspiracy. Again, we find no error.

■ The evidentiary antecedents for admitting a co-conspirator's statement consist of establishing that there was a conspiracy of which the defendant and the declarant were members and that the declarant made the statement during the course and in furtherance of the conspiracy. *People v. Montoya*, 753 P.2d 729 (Colo.1988).

■ A trial court may consider, in addition to any other evidence, the statement of an alleged co-conspirator in determining whether the prosecution has established the evidentiary antecedents for admitting the alleged co-conspirator's statement under CRE 801(d)(2)(E); however, there must also be some evidence, independent of the alleged co-conspirator's statement, establishing that the defendant and the declarant were members of the conspiracy. *People v. Montoya, supra.*

■ Having reviewed the record, we conclude the trial court correctly found the existence of a conspiracy between defendant and the hearsay declarant based upon the content of the statements at issue. In addition, the trial court properly found independent evidence of the conspiracy based upon statements by the defendant relating to discoloration of the cocaine and that the transactions were to be made through the hearsay declarant. *See People v. Montoya, supra* (corroborating evidence may con-

sist of the defendant's own statements). Thus, we find no error.

## III.

Defendant maintains the hearsay statements of the co-conspirator should not have been admitted into evidence because they lacked substantial indicia of reliability. She argues that admission of the statements violated her confrontation clause rights. We disagree.

■ To show that evidence admitted under a hearsay exception does not violate the confrontation clause, the prosecution must show that the declarant is unavailable and that the statement bears indicia of reliability sufficient to make it trustworthy without subjecting the declarant to cross-examination. *Nunez v. People*, 737 P.2d 422 (Colo.1987).

■ Here, the defense concedes that the declarant was unavailable. The testimony showed that the statements were made spontaneously, were against the declarant's penal interest, and could be verified by independent sources. *See Nunez v. People, supra.* Again, statements by the defendant to the effect that all transactions had to be conducted through the co-conspirator bolstered the reliability of the hearsay statement by the co-conspirator that the defendant would not allow strangers to enter her home. Under these circumstances, we are persuaded that there are sufficient indicia of reliability to overcome defendant's confrontation clause arguments.

## IV.

Defendant asserts the evidence was insufficient to support her conviction.

If the sufficiency of the evidence is challenged on appeal, our task is to determine whether the evidence, viewed as a whole, and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *Kogan v. People*, 756 P.2d 945 (Colo.1988).

While there was no eyewitness to the cocaine transaction, the record as a whole reveals sufficient circumstantial evidence to support the conviction. The co-conspirator directed the undercover officer to defendant's residence, procured the cocaine while the officer waited outside, and the defendant later discussed the discoloration of the cocaine obtained from that transaction. The defendant also told a witness that purchases would have to be made through the co-conspirator. We conclude this evidence viewed in the light most favorable to the prosecution sufficed to support the jury's verdict of guilt beyond a reasonable doubt.

Judgment affirmed.

CRISWELL and REED, JJ., concur.