IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
August 11, 2004 Session

## STATE OF TENNESSEE v. RANDAL TODD KEMPER

**Appeal from the Criminal Court for Lawrence County**
**No. 24064     Stella Hargrove, Judge**

_____

**No. M2004-00219-CCA-R3-CD - Filed September 30, 2004**

_____

The defendant, Randal Todd Kemper, was convicted of driving under the influence. The trial court imposed a sentence of eleven months, twenty-nine days, with all but forty days suspended. In this appeal of right, the defendant complains that the trial court erroneously admitted the results of his blood alcohol test because the accompanying certificate bore a rubber-stamped signature. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

John S. Colley, III, Columbia, Tennessee, for the appellant, Randal Todd Kemper.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; and Jim White, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant's statement of the evidence pursuant to Tennessee Rule of Appellate Procedure 24(c), verified by the state as accurate, provides, in pertinent part, as follows:

> Lawrenceburg [P]olice [O]fficer Trac[]y Odom stopped [the defendant] early in the morning on August 10, 2002 based on a report that occupants of a vehicle similar to [the defendant's] had been involved in a fight in at a local convenience store. . . .
> Officer Odom testified at trial that [the defendant] had passed one field sobriety test (the ABCs), had failed another (heel-to-toe test), and neither passed nor failed a third test (one legged stand). . . .

Officer Odom testified [the defendant] had the odor of an intoxicant about his person, and was under the influence of an intoxicant to the point he should not have been driving.

After Officer Odom testified that a blood sample was taken from [the defendant] and sent off to be analyzed, [the defendant] objected to the admission of the blood test results or any testimony about the results by Officer Odom. The jury was excused, and [the defendant] pointed out that the blood test results were not properly certified so as to render them admissible under state statute without a foundation from the appropriate lab technician. The [s]tate agreed that the certification on the results appeared to bear a stamp and not an original signature. The trial court overruled [the defendant's] objection, the jury was brought back in, and Officer Odom testified that [the defendant's] blood alcohol level was .12. . . .

In this appeal, the defendant contends that the trial court erred by admitting evidence of his blood alcohol test results because the written TBI "Official Alcohol Report" offered by the state through Officer Odom bore a rubber-stamped signature in the place of Lanny Wilder, the designated representative of the TBI Director. The defendant has presented no other objections to the certificate and does not challenge the signature of Kelly Hopkins, the special agent who performed the analysis and generated the report.

Initially, the admissibility of evidence is a matter within the trial court's discretion and will not be reversed on appeal absent an abuse of discretion. State v. Harris, 839 S.W.2d 54, 66 (Tenn. 1992). The stipulated record does not, however, include the basis for the trial court's ruling. Because the statement of the evidence fails to include any of the rationale underlying the trial court's determination, it is difficult to review the issue on an abuse-of-discretion standard. Typically, it is the duty of the appellant to prepare a complete and accurate record on appeal. Tenn. R. App. P. 24(b). The failure to prepare an adequate record for review of an issue often results in a waiver of that issue. Thompson v. State, 958 S.W.2d 156, 172 (Tenn. Crim. App. 1997).

Because our preference is to address the merits of the claim whenever possible, our analysis begins with Tennessee Code Annotated section 55-10-410, the statute under which the blood alcohol report was admitted into evidence, provides, in part, as follows:

> (b) Upon receipt of a [blood] specimen forwarded to the director's office for analysis, the director of the Tennessee bureau of investigation shall have it examined for alcohol concentration or for the presence of narcotic or other drugs, if requested by the arresting officer, county medical examiner, or any district attorney general. The chief medical examiner or the medical examiner's duly appointed representative shall execute a certificate which indicates the name of the accused, the date, time and by whom the specimen was received and examined, and a statement of the alcohol concentration (or presence of drugs) of the specimen.
>
> \*     \*     \*

(d) The certificate provided for in this section shall, when duly attested by the director of the Tennessee bureau of investigation or the director's duly appointed representative, be admissible in any court, in any criminal proceeding, as evidence of the facts therein stated, and of the results of such test, if the person taking or causing to be taken the specimen and the person performing the test of such specimen shall be available, if subpoenaed as witnesses, upon demand by either party to the cause, or, when unable to appear as witnesses, shall submit a deposition upon demand by either party to the cause.

Tenn. Code Ann. § 55-10-410(a), (d).

Citing State v. Hughes, 713 S.W.2d 58 (Tenn. 1986), the state argues that by failing to call the testing scientist as a witness at trial, the defendant has waived any objection to the admissibility of the report. In Hughes, the defendant contended that the trial court's admission of the blood alcohol test report through the arresting officer violated his confrontation rights. See Crawford v. Washington, ___ U.S. ___, 124 S. Ct. 1354 (2004) (general historical discussion of Confrontation Clause). This court agreed and reversed the DUI conviction. Our supreme court disagreed, however, ruling that admission of the report was proper pursuant to section 55-10-410:

> We hold that the Legislature intended to avoid any confrontation violation by providing that the admissibility of the test results are dependent upon the presence of the laboratory technician who performed the test, if subpoenaed by either party, and that it is implicit in the statute that the lab technician is the State's witness, whether subpoenaed or called to the stand by the State or the accused. It follows that the lab technician may be subpoenaed by the accused at the State's expense and called to the stand and cross examined as a hostile witness where the State does not elect to do so. However, we affirm the holding of [State v. ]Robbins[, 512 S.W.2d 265 (Tenn. 1974),] that the accused waives the right of confrontation if the laboratory technician is not subpoenaed, or not called to the witness stand by either party.

Hughes, 713 S.W.2d at 62. The rule in Hughes controls. The defendant has waived any right of confrontation by his failure to subpoena Kelly Hopkins, the TBI testing scientist, as a witness at trial.

Further, under Tennessee Rule of Criminal Procedure 12(b), the complaint about the rubber-stamped signature is the very kind of issue that should be presented prior to trial or will otherwise be considered waived. In his argument on the merits, the defendant relies on State v. Henderson, 554 S.W.2d 117 (Tenn. 1977), in which our high court held that the admission of toxicology results through a witness who neither supervised nor independently tested the substances violated the defendant's right of confrontation. As our supreme court specifically pointed out in Hughes, however, section 55-10-410(d), which affords the defendant the opportunity to cross-examine if he elects to do so, remedies the constitutional infirmity recognized in the older, 1977 Henderson decision. 713 S.W.2d at 60. Here, the defendant does not contend that Lanny Wilder

was not the officially designated representative of the Director of the TBI and does not insist that his presence was necessary for trial. <u>See</u> Tenn. Code Ann. § 38-6-107, 55-10-410(d).

In <u>O'Dell v. City of Knoxville</u>, 388 S.W.2d 150 (Tenn. Ct. App. 1964), the defendant, who had been convicted of driving under the influence, contended that the charging warrant was invalid because it bore a rubber-stamped signature by the city judge. On appeal, the defendant's conviction was affirmed:

> This assignment [of error] is based upon the fact the warrant has a facsimile of the signature of Chas. G. Kelly, City Judge, stamped upon it. There is no proof in the record the City Judge had not adopted the facsimile as his signature. Nor is there any proof he did not himself stamp his facsimile signature to the warrant. That being true, the presumption is he had adopted the same as his signature and did stamp the warrant himself.

<u>Id.</u> at 151-52. Likewise, there is nothing to contradict the implicit adoption of the facsimile by Lanny Wilder as his signature. Under these circumstances, the reasonable inference is that his signature, as stamped, was authorized by the Director of the TBI.

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE